JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 James Michael Stiles (Stiles) appeals from the sentence imposed in the Thirteenth Judicial District, Yellowstone County, following his conviction for felony theft. We reverse and remand with instructions.
¶2 We restate the issue as follows:
¶3 Did the District Court impose improper probation conditions on Stiles?
BACKGROUND
¶4 In late December 2004, Stiles began negotiating by phone and email with a Wyoming car dealership regarding the pin-chase of a Chevrolet Monte Carlo Intimidator. The car dealership ultimately shipped the vehicle to Stiles in Billings, and Stiles told them that his credit union in California had issued a check to the dealership. In late January 2005, the car salesman contacted Stiles because the dealership had not received payment for the vehicle. Stiles assured the salesman that the credit union had issued the check and also informed the salesman that Stiles would be unable to get another check issued until the first one was located. Stiles, however, was not a member of *97 the credit union, nor did he have access to any accounts at the credit union.
¶5 On September 6, 2006, a jury convicted Stiles of felony theft. The District Court sentenced Stiles to fifteen years at Montana State Prison, with five years suspended, and the court ordered Stiles to pay restitution to the car dealership. The District Court designated Stiles a persistent felony offender. The District Court also revoked a previously suspended sentence and sentenced Stiles to five years at Montana State Prison to run consecutive with his other sentence for felony theft. Additionally, the court imposed several probation conditions, including the following:
10. The Defendant will not possess or use illegal drugs or any drugs unless prescribed by a licensed physician. The Defendant will not be in control of or under the influence of illegal drugs, nor will he have in his possession any drug paraphernalia.
12. The Defendant shall not possess or consume intoxicants/alcohol, nor will he enter any place intoxicants are the chief item of sale. He will submit to Breathalyzer testing or bodily fluid testing for drugs or alcohol as requested by his Probation & Parole Officer.
20. The Defendant shall not possess or use any electronic device or scanner capable of listening to law enforcement communications.
21. The Defendant will not enter any casinos or play any games of chance. The Court makes the exception for employment purposes.
26. The Defendant will submit to random or routine drug and/or alcohol testing.
¶6 Stiles objected to several of the probation conditions, including condition 12. The District Court struck two of the conditions, but imposed condition 12. Stiles did not object to conditions 10, 20, 21, and 26. At Stiles’ request, the District Court included a work exception to condition 21. Stiles now appeals the District Court’s imposition of conditions 10, 12, 20, 21, and 26.
STANDARD OF REVIEW
¶7 We review probation conditions under a dual standard of review: *98 we first review de novo the legality of the probation conditions; we then review the conditions’ reasonableness for abuse of discretion. State v. Brotherton, 2008 MT 119, ¶ 10, 342 Mont. 511, ¶ 10, 182 P.3d 88, ¶ 10; State v. Ashby, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, 179 P.3d 1164, ¶ 9.
DISCUSSION
¶8 Did the District Court impose improper probation conditions on Stiles?
¶9 Stiles argues that no evidence linked his felony theft charge to the use of alcohol, illegal drugs, gambling, or scanning devices, and thus, we should strike those probation conditions from his sentence. The State maintains that Stiles failed to object to several of the probation conditions and that the District Court acted within its discretion when it imposed the conditions.
¶10 In addition to the statutorily enumerated conditions, a sentencing court may impose “reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society” on a deferred or suspended sentence. Section 46-18-201(4)(o), MCA; accord-, § 46-18-202(1)(f), MCA. For these “reasonable restrictions or conditions” to constitute proper probation conditions, a nexus must exist between the probation conditions and the offense or the offender. Ashby, ¶ 15. A court may impose offender-related conditions only when “the history or pattern of conduct to be restricted is recent, and significant or chronic.” Ashby, ¶ 15.
¶11 Stiles did not object to probation conditions 10, 20, 21, and 26 at the district court level. We generally refuse to address issues raised for the first time on appeal, including probation conditions. Ashby, ¶ 22. The Lenihan decision, however, permits appellate review of a criminal sentence that is allegedly illegal or that exceeds statutory mandates, even if the defendant failed to object at the district court level. State v. Lenihan, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). A sentence that falls within the statutory parameters constitutes a legal sentence. State v. Mingus, 2004 MT 24, ¶ 10, 319 Mont. 349, ¶ 10, 84 P.3d 658, ¶ 10. A sentencing court’s failure to abide by certain statutory requirements may result in an objectionable sentence; however, an objectionable sentence is not necessarily an illegal sentence. State v. Nelson, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995).
¶12 We have referred to probation conditions that lack a nexus to the offense or the offender as illegal. See e.g. State v. Lessard, 2008 MT 192, ¶¶ 27, 36, 344 Mont. 26, ¶¶ 27, 36, 185 P.3d 1013, ¶¶ 27, 36; State *99 v. Marshall, 2007 MT 218, ¶ 20, 339 Mont. 50, ¶ 20, 70 P.3d 923, ¶ 20. Nonetheless, we have treated our review of conditions such as the ones that Stiles challenges as objectionable rather than illegal. For example, in State v. Ommundson, the defendant appealed from two conditions of his DUI sentence, though he objected to only one condition at the district court level. 1999 MT 16, ¶ 2, 293 Mont. 133, ¶ 2, 974 P.2d 620, ¶ 2, overruled on other grounds; State v. Herman, 2008 MT 187, 343 Mont. 494, 188 P.3d 494; modified; Ashby, ¶ 15. We specifically refused to review the unchallenged condition in light of Ommundson’s failure to object at the district court level. Ommundson, ¶ 2.
¶13 In Ashby, we announced a new standard of review for sentencing conditions:
We will first review a sentencing condition for legality. Then, because sentencing statutes authorize sentencing judges to impose conditions on deferred or suspended sentences that constitute “reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society,” the “reasonableness” of such conditions will be reviewed for an abuse of discretion.
Ashby, ¶ 9. As our “final cautions” in Ashby highlight, this new standard effectively places the nexus analysis under the second inquiry-whether the district court abused its discretion. Ashby, ¶¶ 22, 23. Though we acknowledged the availability of Lenihan review for unchallenged “illegal, rather than objectionable” conditions, we cautioned defendants that the right to challenge an improper condition disappears unless they object “at or before sentencing...” Ashby, ¶ 22. We further stated that, “upon proper objection by the defendant,” we would “not hesitate to strike” alcohol, gambling, and other similar conditions that bore no nexus to the offense or the offender. Ashby, ¶ 23 (emphasis added).
¶14 In Ashby, we examined whether a nexus existed between the challenged conditions and Ashby, or Ashby’s offense. Implicit in our nexus analysis was our determination that the conditions passed the threshold question of legality. The probation conditions that Stiles challenges are similar to those objected to in the trial court and reviewed on appeal in Ashby, in that the conditions were imposed under the “reasonable restrictions or conditions” relating to rehabilitation and the protection of the victim and society as set forth in § 46-18-201(4)(o), MCA, and § 46-18-202(1)(f), MCA. In this case, Stiles failed to object to conditions 10, 20, 21, and 26 in the trial court. Consequently, pursuant to State v. Kotwicki, 2007 MT 17, 335 Mont. *100 344, 151 P.3d 892, and Ashby, ¶ 22, we refuse to consider his arguments regarding whether the offense-or offender-nexus existed here.
¶15 Condition 12 prohibits Stiles from possessing or consuming intoxicants and from frequenting businesses where intoxicants constitute the chief sale item. Condition 12 also subjects Stiles to drug and alcohol testing. Stiles argues that no connection exists between this condition and his felony theft charge. The State does not contend that a nexus exists between this condition and Stiles’ offense; rather, the State argues that Stiles has a history of substance abuse and that a clear relationship exists between substance abuse and recidivism. The State further asserts that preventing Stiles from drinking and frequenting bars will enable him to more easily satisfy his restitution obligation.
¶16 The PSI report indicates that Stiles began drinking around the age of fifteen and that his drinking contributed to him “dropping out” of school during the tenth grade. The report also indicates that Stiles was intoxicated when he committed a felony offense in 1983. Additionally, Stiles was diagnosed with substance abuse in 1986. Though we do not minimize Stiles’ experiences with alcohol, a court may impose offender-related conditions only when “the history or pattern of conduct to be restricted is recent, and significant or chronic.” Ashby, ¶ 15. Stiles was forty-eight years old at sentencing. The PSI report indicates that Stiles’ problems with alcohol, although significant, are not recent. Thus, we conclude that condition 12 has an insufficient nexus to Stiles and is improper.
CONCLUSION
¶17 We conclude that the probation conditions included in Stiles’ sentence fall within the sentencing court’s discretion under § 46-18-201(4)(o), MCA, and § 46-18-202(1)(f), MCA. Thus, Stiles’ failure to object to conditions 10, 20, 21, and 26 bars our review of those probation conditions. We further conclude that no nexus exists between Condition 12 and Stiles’ offense of felony theft or Stiles himself. Thus, we reverse the District Court’s imposition of Condition 12, and we remand to the District Court with instructions to strike the condition from Stiles’ sentence.
¶18 Reversed and remanded with instructions.
CHIEF JUSTICE GRAY, JUSTICES COTTER, MORRIS, RICE and WARNER concur.