JUSTICE NELSON,
specially concurring.
¶24 I specially concur.
¶25 As today’s Opinion reflects, this Court no longer reviews a sentencing condition of the sort at issue here for legality. For instance, we observe that the polygraph condition “does not exceed statutory authority or fall outside the parameters or affirmative mandates of the sentencing statutes and it is, therefore, a legal sentence,” Opinion, ¶ 20, but we do not explain why that is the case. To the contrary, as the Court candidly concedes in ¶ 21, “this Court will not review a condition imposed under the sentencing court’s discretionary authority under § 46-18-201 or -202 unless the objection was raised in the district court,” in which case we only review for abuse of discretion (see e.g. Opinion, ¶¶ 11, 15-17).
¶26 While I disagree with this approach, it is the procedure adopted by the Court in State v. Stiles, 2008 MT 390, 347 Mont. 95, 197 P.3d 966. And though I continue to maintain that the sentencing issue in Stiles was wrongly decided and that the distinction drawn in that case between “legality” and “abuse of discretion” for purposes of reviewing sentencing conditions is legally incorrect under the applicable statutes, see Stiles, ¶¶ 19-50 (Nelson, J., dissenting), Stiles is the law of the land. Accordingly, as to the sentencing issues presented by Heddings, I specially concur.