CHIEF JUSTICE McGRATH
delivered the Opinion of the Court.
¶1 Barry Holt appeals from his sentence following his guilty plea to a charge of burglary under § 45-6-204, MCA. We affirm in part, reverse in part, and remand for limited resentencing.
BACKGROUND
¶2 In the early morning hours of November 12,2006, Holt looked into the windows of a house and saw a 12-year-old girl asleep. He entered the house, went into the girl’s bedroom, and tried to pull down her pants. The State charged Holt with burglary and attempted sexual assault and trial on those charges commenced in July, 2009. After completing the first day of trial, Holt and the State reached a plea agreement in which Holt agreed to plead guilty to burglary. The State agreed to dismiss the charge of attempted sexual assault and to withdraw its request that Holt be designated a persistent felony offender. The parties agreed to recommend a ten-year sentence to the Montana State Prison with no parole restrictions, to run concurrently with the sentence imposed in a separate case against Holt in which he was charged with failure to register as a sex offender. Holt’s attorney explained the agreement:
Our understanding of the agreement is that Mr. Holt will plead guilty in this matter, DC 09-06, to burglary. And he will admit in his allocution that he entered the [M] residence without permission with the intent to commit misdemeanor assault by touching [K. M.] in a provoking or insulting manner.
At the change-of-plea hearing Holt testified that he entered the residence without permission with the intent to commit an assault against the victim K. M. Holt entered a guilty plea to the burglary charge and the District Court accepted the changed plea.
¶3 In 1992 Holt was convicted of sexual battery of a minor in Louisiana. Like the 2006 incident in Montana, the Louisiana offense involved Holt’s entering a house and touching a young girl. Holt moved *310 to Montana in 1998 and lived under the alias of Jack White until he was arrested for the burglary and attempted sexual assault charges in 2006. He never registered as a sex offender after moving to Montana as required by § 46-23-504(l)(c), MCA. The State charged him with failure to register, and he was found guilty after a bench trial. In June, 2009, the District Court ordered a psychosexual evaluation.
¶4 In November, 2009, the District Court conducted a sentencing hearing on both the burglary conviction and the conviction for failure to register. The District Court first considered the burglary conviction and informed the parties that it intended to depart from the plea agreement because the psychosexual evaluation indicated that Holt was a high risk to re-offend and that he should be designated as Level III sex offender. The District Court therefore determined that Holt should be required to complete sex offender treatment in prison as a condition of parole eligibility. Since this was a deviation from the plea agreement in which the parties had agreed that there would be no restrictions on parole eligibility, the District Court gave Holt the opportunity to withdraw his guilty plea to burglary. Holt declined to withdraw the guilty plea to the burglary and expressed his desire to continue with the sentencing. Accordingly, the District Court sentenced Holt to ten years at the Montana State Prison for the burglary conviction in accordance with the plea agreement. The District Court also designated Holt as a Level III sex offender and conditioned parole eligibility on the burglary sentence upon completion of sex offender treatment.
¶5 The District Court then sentenced Holt to five years at Montana State Prison on the conviction for failure to register as a sex offender, to run concurrently with the burglary sentence. The District Court’s sentence for failure to register also designated Holt as a Level III sex offender and conditioned release upon completion of sex offender treatment.
¶6 On appeal, Holt contends that it was illegal for the District Court to designate him a Level III sex offender or to condition parole eligibility for the burglary conviction upon completion of sex offender treatment. Holt does not appeal the Level III sexual offender designation or the sex offender treatment condition imposed in the sentence for the failure to register as a sex offender.
STANDARD OF REVIEW
¶7 This Court generally reviews a criminal sentence longer than one year for legality only; that is, whether it falls within the statutory *311 parameters. State v. Hernandez, 2009 MT 341, ¶ 3,353 Mont. Ill, 220 P.3d 25. We review the reasonableness of conditions or restrictions imposed in a sentence under § 46-18-202, MCA, for abuse of discretion, if the conditions are objected to at sentencing. Id.; State v. Hafner, 2010 MT 233, ¶ 13, 358 Mont. 137, 243 P.3d 435.
DISCUSSION
¶8 Holt pled guilty to burglary which is defined by statute:
A person commits the offense of burglary if the person knowingly enters or remains unlawfully in an occupied structure and:
(a) the person has the purpose to commit an offense in the occupied structure; or
(b) the person knowingly or purposely commits any other offense within that structure.
Section 45-6-204(1), MCA. In this case, the other offense that Holt committed or intended to commit during the burglary was an assault on a minor female. Holt and his attorney represented to the District Court that Holt “entered the [M] residence without permission with the intent to commit misdemeanor assault by touching [K. M.] in a provoking or insulting manner.”
¶9 The District Court made the following findings at the November 24, 2009 sentencing hearing:
Now, let me say this then, because there’s additional concern, I have the presentence report prepared by the Department of Corrections together with this psychosexual evaluation conducted by Dr. Bakko in this matter.
Based upon that information, the defendant is going — there would be evidence to suggest that the defendant should be designated a risk Level III, which is the highest level risk to sexually re-offend. Because of that, the Court is going to require as a prior condition of parole, that the defendant undergo sex offender treatment Phases I and II before being eligible for parole.
But the psychosexual evaluation, frankly, leaves me no alternative, in my mind, in protecting the community but to require that treatment as a necessary part of the sentence in this case.
All right. As the Court has indicated on the record, it is going to deviate from the plea agreement in one respect and that’s *312 related to the requirement for the sexual offender treatment.
I’ll have to say that the psychosexual evaluation that the Court has received gives me great pause in this case. There’s been a number of previous instances, as far as criminal conduct in the past, Mr. Holt, that makes the Court very concerned, especially if you remain untreated, that you will ever get a handle on the sexual problems that you have. And clearly, you have them. And, you know, for your own sake, at least, you need to enroll in and get as much out of these programs as you possibly can. I hope you will do that out of a sense of common decency and a desire to benefit yourself in some respects.
The statute also requires that the Court give reasons for any restrictions of parole eligibility. The reasons are that pursuant to the psychosexual evaluation, the defendant is the highest risk level to reoffend sexually. Therefore, there is a huge need for the defendant to undergo the sexual offender treatment Phases I and II in order to protect society. Frankly, if he doesn’t undergo that treatment, there’s little hope that the Court can protect society once he is out.
Moreover, the defendant’s past criminal conduct would indicate that parole restriction based upon the need for treatment is wholly consistent with the protection of society and protecting future, innocent victims.
In addition, it’s important that the defendant undergo this sexual offender treatment for his own rehabilitative purposes. So not only does this restriction serve to protect society, but it serves to provide some rehabilitative treatment for this defendant.
¶10 The record demonstrates that Holt acquiesced in and did not object to the sex offender treatment condition of his burglary sentence as it was explained by the District Court. Therefore, Holt cannot complain about that condition on appeal. A condition of a sentence is reviewed for reasonableness only if the defendant objects at the time of sentencing. Hernandez, ¶ 3.
¶11 As noted, Holt entered a guilty plea on the burglary charge, and was separately convicted after a bench trial of the failure to register charge. At the sentencing hearing the District Court first considered the sentence on the burglary charge. (“At this time the Court calls Cause No. DC 09-06.”) The District Court and the parties first resolved Holt’s prior pro se motion to withdraw the guilty plea to the burglary. *313 Holt was questioned and withdrew the motion to withdraw the guilty plea so that they could “proceed with sentencing.” The District Court then informed the parties of the conclusion that, based upon the psychosexual evaluation completed as part of the presentence investigation, Holt should be designated a Level III sex offender, and should be required to successfully complete sexual offender treatment prior to eligibility for parole. Otherwise the District Court intended to follow the plea agreement.
¶12 The District Court informed Holt that this deviation from the plea agreement provided him the opportunity to withdraw his guilty plea to the burglary charge. The Court stated: “So I’ve articulated that so the defendant can know that and if he wishes to withdraw his plea on that basis, I’m affording him that opportunity at this time.... So if that is not acceptable I need to know that right now.” Holt’s attorney did not request to withdraw the guilty plea and did not object to the imposition of the treatment condition. Holt’s attorney stated that Holt understood that the wording of the condition-whether sex offender treatment were a condition of release or of a condition for parole eligibility-would affect how quickly he could enter treatment once in prison.
¶13 There followed an extended discussion of the wording of the sexual offender treatment condition that ultimately involved the District Court, a probation officer, Holt’s attorney, and Holt himself. Holt expressed his belief that the sex offender treatment condition was beneficial to him because it would lessen the chance of his being “shipped off to any county lockup with no treatment” instead of remaining in a larger facility like the Montana State Prison. Holt explained his understanding, based on information from other inmates at the Yellowstone County Detention Center, that he would be accepted into the treatment program and could complete it more quickly if the treatment were a condition of release, not a condition of parole.
¶14 After listening to arguments over whether the wording of the condition affected how quickly Holt could enter sex offender treatment, the District Court stated:
So it would be my preference I’ll just indicate that he will not be parole eligible until he’s entered and completed Phases I and II of sexual offender treatment. That’s what I anticipate doing. So the question for Mr. Holt is whether he wished to go forward with that understanding.
The Defendant: Yes, your Honor.
*314 There was then additional discussion on the issue of whether the wording of the treatment condition had any practical effect. At the end of that discussion Holt stated: “Yes, Your Honor. I’ll bend on that and I’ll say yes. Okay. I will go through the treatment. I want to have incentive to do it.”
¶15 The District Court then stated once again:
So I guess the question is, do we proceed under the basis that I’m going to indicate that he’ll have to complete these [sex offender treatment] phases before he’s eligible for parole. Do you wish to proceed [with sentencing] Mr. Holt?
The Defendant: Yes, sir.
It is abundantly clear that Holt declined multiple opportunities to withdraw from the guilty plea agreement and that he agreed to imposition of the sexual offender treatment as a condition to the burglary charge.
¶16 Holt argues on appeal that he was confused at the time of sentencing and believed that the treatment condition would only apply to the conviction for failure to register as a sex offender. That contention is not supported by the record. The record demonstrates that the District Court considered the burglary sentence first; that Holt and his attorney knew that the discussion involved sex offender treatment for the burglary conviction; and that the District Court moved on to the separate sentence for failure to register only after the burglary sentence was announced and concluded.
¶17 Holt made no legal objection to the sex offender treatment at sentencing, which precludes appellate review of whether the condition was improper, unreasonable, or an abuse of discretion. Hernandez, ¶ 3; State v. Kotwocki, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892; State v. Ashby, 2008 MT 83, ¶ 22, 342 Mont. 187, 179 P.3d 1164; State v. Stiles, 2008 MT 390, ¶ 14, 347 Mont. 95, 197 P.3d 966. Moreover, Holt did not simply refrain from objecting, he affirmatively agreed to having the sex offender treatment condition placed in his sentence for burglary. “We will not put a district court in error for an action in which the appealing party acquiesced or actively participated.” State v. Micklon, 2003 MT 45, ¶ 10, 314 Mont. 291, 65 P.3d 559 (defendant agreed to a condition during sentencing hearing). “Acquiescence in error takes away the right of objecting to it.” Section 1-3-207, MCA.
¶18 Holt next argues that the District Court improperly imposed a condition that he register as a sexual offender as part of the burglary sentence. The District Court did not impose any registration requirement as part of the burglary sentence. The only reference to *315 registration is in the District Court’s list of recommendations “[s]hould the Defendant be released on parole....” A district court may make recommendations to be considered by the Board of Pardons and Parole if parole is granted. Heafner, ¶ 6.
¶19 The registration requirement was actually only one of the District Court’s recommendations in this case. The burglary sentence provided: “If the Defendant is convicted of a crime listed in § 46-23-502(9), MCA, he must register as a sex offender.” This is nothing more than a true statement of the cited statute, which requires registration upon conviction of one of the listed crimes. Sections 46-23-503 and -504, MCA. It would be true whether or not the District Court recommended it. Holt was already subject to sex offender registration as a matter of law based upon his prior conviction in Louisiana, his failure to register upon moving to Montana, and his conviction for failure to register. The sentence was not invalidated in any way by the reference to the registration requirement.
¶20 Finally, Holt argues that the District Court improperly designated him as a Level III sex offender. He relies upon § 46-18-207, MCA, which he contends allows a court to designate a sexual offender level only upon sentencing for “a sexual offense as defined in 46-23-502....” Since burglary is not a defined sexual offense, Holt argues that the District Court lacked the power to designate an offender level in connection with that offense. We agree.
¶21 Prior to sentencing a person convicted of a defined sexual offense, the district court must receive recommendations from the Department of Corrections or a sexual offender evaluator of the appropriate sexual offender level designation. Section 46-23-509(2), MCA. Upon sentencing, the district court must review that recommendation and other relevant material and designate the offender as Level I, II or III. Section 46-23-509(3), MCA. Since the burglary conviction under consideration was not a “sexual offense” as defined in § 46-23-502, MCA, the District Court should not have attached a sexual offender level designation to Holt as part of the sentence for burglary.
¶22 The sentence imposed by the District Court is affirmed except as to the Level III sex offender designation in the burglary sentence. This matter is hereby remanded to the District Court solely for the purpose of striking the Level III sex offender designation in the sentence for burglary.
JUSTICES MORRIS, BAKER, WHEAT and RICE concur.