JUSTICE NELSON,
specially concurring.
¶23 I join the Court’s Opinion, with the following caveat.
¶24 Underlying the District Court’s sentencing decision, and implicit in the arguments in this appeal, is the assumption that the District Court had statutory authority to place a partial parole-eligibility restriction on Olivares-Coster’s sentence. In my view, this assumption is mistaken.
¶25 As the Court states, a district court does not have the power to impose a sentence unless authorized by a specific grant of statutory authority. Opinion, ¶ 11. As I have argued previously, § 46-18-202(2), MCA, does not specifically grant a district court authority to place conditions on parole eligibility or, more relevant to the present case, to impose a partial restriction on parole eligibility. State v. Holt, 2011 MT 42, ¶¶ 45-46, 359 Mont. 308, 249 P.3d 470 (Nelson & Cotter, JJ., concurring in part and dissenting in part). There is one-and only *387 one-restriction authorized by this statute, as evidenced by the statute’s repeated references to “the restriction.” And “the restriction” which the statute authorizes is “the restriction that the offender is ineligible for parole ... while serving that term [of imprisonment]”-period. Either the offender is deemed ineligible for parole while serving the term of imprisonment, or he is not. For this reason, I would overrule State v. Kirkbride, 2008 MT 178, ¶ 18, 343 Mont. 409, 185 P.3d 340, and State v. Bullman, 2009 MT 37, ¶ 34, 349 Mont. 228, 203 P.3d 768, both of which construed § 46-18-202(2), MCA, contrary to its plain language. Holt, ¶ 46 n. 2 (Nelson & Cotter, JJ., concurring in part and dissenting in part).
¶26 In the present case, Olivares-Coster was less than 18 years of age at the time he committed the offenses. As such, he is not subject to restrictions on parole eligibility. Opinion, ¶ 12; § 46-18-222(1), MCA. Had Olivares-Coster been 18 years of age or older at the time, then the District Court could have imposed the restriction that he would be ineligible for parole for the entire term of his imprisonment. Section 46-18-202(2), MCA. But regardless of Olivares-Coster’s age, the District Court never had express statutory authority to place a partial, 60-year restriction on Olivares-Coster’s parole eligibility. Under the statutory scheme, a sentencing judge has express authority to say that an inmate will never be parole eligible. Section 46-18-202(2), MCA. But that is the extent of the judge’s authority. If the judge does not impose that restriction, then the decision as to whether, when, and under what conditions an inmate becomes eligible for parole is exclusively the prerogative of the parole board. Holt, ¶ 64 (Nelson & Cotter, JJ., concurring in part and dissenting in part). Any suggestion to the contrary is, in my view, incorrect.
¶27 With the foregoing caveat, I concur.
JUSTICE COTTER joins the Concurrence of JUSTICE NELSON.