

DA 11-0055

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 286

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

CHARLEY JOHNSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 09-50
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jason Armstrong, Eric M. Brewer; Law Office of Jason Armstrong, P.C.;
Bozeman, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

          Brett Linneweber, Park County Attorney; Livingston, Montana

          Submitted on Briefs:  September 28, 2011

                  Decided:  November 15, 2011

Filed:

_____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Charley Johnson (Johnson) appeals from a judgment entered against him for the offense of intimidation, a felony, in violation of § 45-5-203, MCA (1999), by the Sixth Judicial District Court, Park County. He challenges the portion of his sentence requiring him to pay restitution to the victim and the conditions forbidding him from frequenting "places where children congregate" and where children and alcohol or drugs are present. The State concedes this case should be remanded for determination of the specific amount of restitution Johnson owes for the victim's future counseling expenses. We address the following issues:

¶2 *1. Did the District Court err when it ordered the payment of restitution?*

¶3 *2. Did the District Court abuse its discretion by imposing a condition forbidding the Defendant from frequenting places "where children are present or reasonably expected to be present" absent an approved adult and forbidding him from attending private social gatherings where children and alcohol or drugs are present?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Johnson, the former Park County Sheriff, was initially charged with sexual assault, a felony, in violation of § 45-5-502 (1), (3), MCA, and assault with a weapon, a felony, in violation of § 45-5-213 (1)(b), MCA. The State and Johnson entered into a nonbinding plea agreement whereby the State amended the charge of sexual assault to intimidation in exchange for Johnson's nolo contendere plea and dismissed the assault with a weapon charge. The State also agreed to recommend a ten-year commitment to the Department of Corrections (DOC) with five years suspended and further agreed to recommend placement in a non-prison facility such as in the Intensive Supervision Program or a pre-

release center. Johnson entered a nolo contendere plea to intimidation, and the District Court accepted his plea.

¶5    The conduct from which Johnson's charges stem involved repeated sexually assaultive behavior by Johnson against his stepdaughter from the time she was twelve years old until age sixteen. Johnson allegedly required her to "spoon" with him in her bed while he was wearing only his t-shirt and underwear, allegedly fondled her, and had inappropriate sexual contact with her. According to the language amending the information, in the course of such conduct, Johnson "with the purpose to cause Jane Doe to perform an act, communicated to Jane Doe under circumstances which reasonably tend to produce a fear it will be carried out, a threat to perform without lawful authority the act of physical confinement or restraint of Jane Doe." *See* § 45-5-203, MCA (1999).

¶6    At the sentencing hearing, Johnson's stepdaughter testified about these events, adding that she was 28 years old and had been in counseling since age 19 to deal with the consequences of Johnson's behavior. She stated she had incurred out-of-pocket expenses in the amount of $1,000 to $1,500 per year for this counseling. After Johnson's stepdaughter testified, the District Court stated that the charge would be treated as a sexual crime. "There's a sexual component to the offense of intimidation, in this case. And the witness has testified that she was subjected to sexual conduct on multiple occasions as a young girl." The court informed Johnson that it intended to sentence him more harshly than recommended by the plea agreement and outlined its proposed sentence in detail. The court gave Johnson an opportunity to withdraw his plea to

intimidation and proceed to trial on the original charges or be sentenced for intimidation under the harsher sentence proposed by the District Court. [1]

¶7    Johnson decided to proceed to sentencing, and the District Court sentenced him to a ten-year commitment to the DOC with five years suspended, making no recommendation to the DOC regarding placement.  The court ordered that, should Johnson be placed at Montana State Prison, he would not be parole eligible until he completed phase one of sex offender treatment, and if he was not placed at the Prison, he must complete a community-based sex offender treatment program.  The District Court required Johnson to pay for counseling costs incurred by his stepdaughter in the amount of $11,250, as well as an undetermined amount for future counseling costs she would incur during the ten-year period of Johnson's sentence.  The District Court also imposed a condition restricting him from places where children can congregate, which will be discussed herein.

### STANDARD OF REVIEW

¶8    We review factual findings regarding the amount of restitution for clear error. *State v. Essig*, 2009 MT 340, ¶ 12, 353 Mont. 99, 218 P.3d 838.  We review sentencing

---

[1] Under § 46-12-211 (2), if the plea agreement is a nonbinding agreement, "the court shall advise the defendant that, if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw the plea."  Although this was a nonbinding agreement, the District Court and the parties treated this agreement as a binding agreement and followed the procedures set forth under § 46-12-211 (4), relating to binding plea agreements.  Section 46-12-211 (4) states that if the court rejects a binding agreement, it shall "on the record, inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw the plea, and advise the defendant that if the defendant persists in the guilty or nolo contendere plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."  Since neither of the parties contested the treatment of the agreement as a binding agreement, we will not address this inconsistency further.

conditions under a two-pronged review. First, we will review the legality of the condition de novo. *State v. Sadowsky*, 2008 MT 405, ¶ 10, 347 Mont. 192, 197 P.3d 1018. Then, we will review the reasonableness of the condition imposed under § 46-18-202, MCA, for abuse of discretion, if the issue has been preserved for appeal. *State v. Holt*, 2011 MT 42, ¶ 7, 359 Mont. 308, 249 P.3d 470.

## DISCUSSION

¶9   **1. Did the District Court err when it ordered the payment of restitution?**

### a. Restitution for Past Counseling

¶10   Johnson argues that because the State prosecuted him under the 1999 version of the Montana Code Annotated, that version governs his sentencing, citing to *State v. Muhammad*, 2002 MT 47, ¶ 24, 309 Mont. 1, 43 P.3d 318. Under the 1999 version of § 46-18-242 (1)(a) and (b), MCA, the court must order the officer preparing the Presentence Investigation Report (PSI) to include documentation of the victim's pecuniary loss and documentation of the defendant's financial resources and future ability to pay restitution. The author of Johnson's PSI stated, "[i]t is this Officer's [sic] understanding there is no restitution in this case." The PSI included information regarding Johnson's financial profile but did not provide documentation related to his future ability to pay. Johnson argues that because the PSI did not contain this documentation, the restitution for past counseling violates § 46-18-242 (1)(a) and (b), MCA (1999) and should be vacated as illegal, despite his failure to object during sentencing.

5

¶11 The State argues that the 2003 version of the Montana Code Annotated should apply. The Legislature amended § 46-18-242, MCA, in 2003 to eliminate the requirements that the PSI contain documentation about the victim's pecuniary loss and the offender's future ability to pay restitution. It applied these amendments retroactively "to offenders who have an unpaid restitution obligation" as of October 1, 2003, the effective date of the Act. Laws of Montana, 2003, ch. 272 §§ 4, 10. The State claims Johnson is such an offender, and therefore, the amendments apply to him. The 2003 amendments require only that the PSI include a list of the offender's assets and an affidavit describing the victim's pecuniary loss. Sections 46-18-242 (1)(a), (b), MCA (2003). The State argues that Johnson's PSI properly provided a list of Johnson's assets and that Johnson's failure to object to the lack of a victim affidavit prevents him from challenging that issue on appeal, citing to *State v. Johnson*, 2011 MT 116, ¶ 21, 360 Mont. 443, 254 P.3d 578.

¶12 Johnson counters that because he was not an offender who had a restitution obligation on October 1, 2003, the 2003 amendments do not apply to him. He also argues that he had no reason to object to the restitution deficiencies in the PSI because the author stated her assumption that there would be no restitution in this case.

¶13 "The law in effect at the time of the crime controls as to the possible sentence." *State v. Stevens*, 273 Mont. 452, 455, 904 P.2d 590, 592 (1995). The 2003 amendments

provide: "[This act] applies retroactively, within the meaning of 1-2-109,[2] to offenders who have an unpaid restitution obligation on [the effective date of this act]." Laws of Montana, 2003, ch. 272, § 10. The effective date of the act was October 1, 2003. "Offender" is broadly defined as "a person who has been or is liable to be arrested, charged, convicted, or punished for a public offense." Section 45-2-101 (47), MCA (2003). While Johnson was an "offender" because he was "liable to be arrested [or] charged" for the public offense of intimidation, having committed the offense in 1999, he did not "have an unpaid restitution obligation" on October 1, 2003, because he was not sentenced to pay restitution until November 24, 2010—seven years after the effective date of the act. Since he did not have an unpaid restitution obligation on October 1, 2003, the 2003 amendments do not apply retroactively to Johnson, and the 1999 statutes are applicable to his sentencing, including restitution.

¶14    However, Johnson did not object to the PSI. Although he points out that the PSI author stated her belief that no restitution was sought, Johnson also failed to object at the sentencing hearing when restitution was discussed and imposed. Generally, we will not review an issue to which a party has failed to object and preserve for appeal because the objecting party never gave the trial court an opportunity to address and correct any perceived errors. *In the Matter of K.M.G.*, 2010 MT 81, ¶ 36, 356 Mont. 91, 229 P.3d 1227. "A condition of a sentence is reviewed for reasonableness only if the defendant objects at the time of sentencing." *Holt*, ¶ 10 (citing *State v. Hernandez*, 2009 MT 341,

---

[2] "**When laws retroactive.** No law contained in any of the statutes of Montana is retroactive unless expressly so declared." Section 1-2-109, MCA (2003).

¶ 3, 353 Mont. 111, 220 P.3d 25). In *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979), we recognized a narrow exception to this general rule that permits appellate review of criminal sentences that are alleged to be illegal or in excess of statutory mandates, even if the defendant failed to raise an objection in the district court at the time of sentencing. However, "a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one that would invoke the *Lenihan* exception." *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892 (citing *State v. Nelson*, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995); *State v. Swoboda*, 276 Mont. 479, 482, 918 P.2d 296, 298 (1996)); *see also*, *In the Matter of K.M.G.*, ¶¶ 36-39. Here, the sentence imposed, despite the asserted deficiencies in the PSI, rose "to an objectionable sentence," but it does not constitute an illegal sentence for purposes of *Lehihan* review. *Kotwicki*, ¶ 13. Johnson's failure to object to the restitution condition when the District Court orally imposed it at his sentencing forfeited the issue, and we decline to address whether the District Court erred when it imposed restitution for past counseling expenses incurred by the victim. *Holt*, ¶ 17, *Kotwicki*, ¶ 12, *State v. Baker*, 2008 MT 396, ¶ 22, 347 Mont. 159, 197 P.3d 1001; *State v. Park*, 2008 MT 429, ¶ 21, 347 Mont. 462, 198 P.3d 321; *State v. Stiles*, 2008 MT 390, ¶ 14, 347 Mont. 95, 197 P.3d 966; *State v. Ashby*, 2008 MT 83, ¶ 22, 342 Mont. 187, 179 P.3d 1164; *State v. Hameline*, 2008 MT 241, ¶ 14, 344 Mont. 461, 188 P.3d 1052.

### b. Restitution for Future Counseling

¶15 The District Court also imposed restitution for the victim's future counseling at the sentencing hearing. In the written sentence, it ordered Johnson to pay "such out of pocket expenses she actually incurs for counseling and/or therapy during the ten (10) year period of the Defendant's sentence." However, under § 46-18-244 (1), MCA (1999), the sentencing court must "specify the amount, method, and time of each payment to the victim and may permit payment in installments."

¶16 The State concedes that the District Court's imposition of restitution for future counseling did not comply with this statute. Johnson asks that we strike the restitution condition altogether, but we agree with the State that the appropriate remedy is to vacate this condition and remand to the District Court to correct it in compliance with § 46-18-244, MCA (1999). *State v. Guill*, 2011 MT 32, ¶¶ 52-53, 359 Mont. 225, 248 P.3d 826; *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087.

¶17 ***2. Did the District Court abuse its discretion by imposing a condition forbidding Johnson from frequenting places "where children are present or reasonably expected to be present" absent an approved adult and forbidding him from attending private social gatherings where children and alcohol or drugs are present?***

¶18 The District Court imposed the following conditions:

> 14. The Defendant shall not frequent places where children congregate. This includes, but is not limited to: schools, parks, playgrounds, malls, movies, fairs, parades, swimming pools, carnivals, arcades, parties, family functions, holiday festivities, or any other place or function where children are present or reasonably expected to be present, unless accompanied by an approved and appropriately trained, responsible adult who is aware of the Defendant's conviction and approved by his Probation Officer and sex offender treatment provider. The Defendant

9

shall obtain permission from his Probation Officer prior to going to any of the above places . . . .

27. The Defendant will not host or attend private social events where alcohol or drugs are present with minors.

Johnson argues that the above conditions are "overly broad, redundant and, at least in some aspects, have no relationship to either Charley or the offense for which he was convicted . . . ." He states that many of the conditions imposed on him are repetitive and unwieldy, requiring approval of his probation officer and another party before he can attend to basic needs such as purchasing groceries and receiving medical care. He suggests that condition 14 should be restricted to the first sentence, "[t]he Defendant shall not frequent places where children congregate" and that condition 27 be stricken because his offense was not related to drugs or alcohol, and he does not have a history of drug or alcohol abuse.

¶19    Under § 46-18-202 (1)(f), MCA (1999), a sentencing judge may impose "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society." We have explained that while this grant of authority is broad, "it is not without limit." *Ashby*, ¶ 14 (quoting *State v. Ommundson*, 1999 MT 16, ¶¶ 11-12, 293 Mont. 133, 974 P.2d 620). In order for the condition to be reasonably related to the objectives of rehabilitation and the protection of the victim and society, the condition must have a nexus to the offender or the offense for which the offender is being sentenced. *Ashby*, ¶ 15.

10

¶20    However, Johnson again failed to object to either one of these conditions at his sentencing hearing, failing to preserve the issue for appellate review. We thus decline to address whether the imposition of these conditions constituted an abuse of discretion. *Holt*, ¶ 17; *Kotwicki*, ¶ 22. Beyond that, it is our observation that the conditions challenged here appear to be quite restrictive of Johnson's movements. There is good reason for the imposition of restrictions, but if these prove to be unduly burdensome in practice, Johnson and/or his probation officer may seek relief from the District Court.

¶21    This case is remanded for calculation of future restitution in compliance with § 46-18-244, MCA (1999). The District Court may conduct any additional proceedings it deems necessary to resolve the question. Otherwise, this matter is affirmed.


/S/ JIM RICE


We concur:


/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

11