JUSTICE NELSON,
specially concurring.
¶36 This Court’s review of sentencing conditions has, in my view, become an exercise in futility. While the Court today attempts to weave an offender nexus between the challenged conditions of Leyva’s suspended sentence and the psychosexual evaluation performed by North, the truth of the matter is that we would affirm the imposition of the challenged conditions even if the record did not contain a finding that the defendant is a “morally indiscriminate, situational offender.” Had Leyva broken into a stranger’s home and raped her (rather than being there by invitation and taking advantage of an “opportunity”), I have no doubt that we would uphold the imposition of restrictions on his access to the Internet, on his use of devices with photo and video *215 capabilities, on his contact with children, etc. The fact that “Leyva is the type of sexual offender who looks for opportunity and vulnerability” is simply window dressing.
¶37 Three years ago, this Court stated that “[u]nless a condition is legally mandated, conditions of probation should not be imposed as standard or stock requirements. Rather, sentencing must be individualized.” State v. Simpson, 2009 MT 43, ¶ 5, 349 Mont. 275, 203 P.3d 791. Yet, sentencing courts, by and large, and the Department of Corrections (DOC), in particular, have ignored that admonition. Indeed, as we have seen in case after case, DOC has a laundry list of conditions that probation and parole officers recommend as a matter of course and that district courts, in turn, impose lock, stock, and barrel. Even a cursory comparison of the conditions at issue in this case (coming to us from the Thirteenth Judicial District), with those at issue in State v. Melton, 2012 MT 84, 364 Mont. 482, 276 P.3d 900 (coming from the Eighth Judicial District), and State v. Johnson, 2011 MT 286, 362 Mont. 473, 265 P.3d 638 (coming from the Sixth Judicial District), reveals that such restrictions have evolved into stock conditions for all sexual offenders. And, as today’s decision reflects, simply being a member of a group that has “a common practice” of engaging in certain conduct is now enough to justify a given condition. Opinion, ¶ 29. Perhaps all sexual offenders should be restricted in the ways proposed by DOC and adopted by district courts on a routine basis in their sentencing orders. But, if that is the case, then we should end this pointless charade of requiring some sort of nexus to the offense or the offender. All we have accomplished is to invite an endless stream of appeals challenging, for lack of a nexus, sentencing conditions that we generally find a way to uphold in any event, regardless of how tenuous the nexus may be.
¶38 I had thought that we resolved our method of reviewing sentencing conditions in State v. Ashby, 2008 MT 83, 342 Mont. 187, 179 P.3d 1164. But as demonstrated by our cases since State v. Stiles, 2008 MT 390, 347 Mont. 95, 197 P.3d 966, the law in this area is more muddled than it ever was. See e.g. State v. Zimmerman, 2010 MT 44, ¶¶ 26-32, 355 Mont. 286, 228 P.3d 1109 (Nelson, J., concurring); State v. Hernandez, 2009 MT 341, ¶¶ 23-27, 353 Mont. 111, 220 P.3d 25 (Cotter, Nelson, & Leaphart, JJ., dissenting). My frustration in having to follow botched precedent is exceeded only by my frustration in the fact that we wasted months trying to straighten out our jurisprudence.
¶39 I specially concur.