FILED

June 7 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0422

DA 15-0422

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 141N

IN THE MATTER OF:

K.J.M.,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DI-12-68
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Anna S. Felton, Law Offices of Anna Felton, PLLC, Libby, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

      Kirsten Pabst, Missoula County Attorney, Eli Parker, Deputy County
Attorney, Missoula, Montana

Submitted on Briefs:  May 11, 2016

Decided:  June 7 2016

Filed:

                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 K.J.M. appeals from an Order entered by the Montana Fourth Judicial District Court committing her to the Montana State Hospital (MSH) for a period not to exceed three months. We affirm.

¶3 K.J.M. is a 23-year-old female with a history of psychiatric illness and treatment. She has been diagnosed with a mental disorder known as "schizoaffective disorder, bipolar type." She has a history of aggression in both the community and against peers in inpatient psychiatric settings. She has previously been admitted to St. Patrick's Hospital Neurobehavioral Unit and 6 times to the MSH, including the most recent admission. Following her release on June 15 she was involved in an incident where she allegedly attacked a bystander at a Missoula bus stop. This incident resulted in the June 21, 2015 Renewed Petition for Commitment from the Missoula County Attorney's Office alleging K.J.M. suffered from a mental disorder and required commitment. On June 23, 2015, the District Court held a hearing on the State's petition and ordered her involuntary commitment.

¶4 K.J.M. appeals from the District Court Order on two issues. She argues that the District Court erred when it failed to address her hearsay objection regarding the alleged

2

outpatient attack, and that the court erred in failing to address whether MSH was the least restrictive environment for her commitment.

**Hearsay Objection**

¶5     K.J.M. argues that the District Court erred when it failed to address her hearsay objection to testimony regarding her outpatient altercation. The State responds that the issue was not properly preserved at the District Court and may not be reviewed.

¶6     The District Court allowed testimony by Thomas Hodgetts, certified mental health professional, after an initial hearsay objection by K.J.M., objecting generally to Hodgetts' testimony regarding K.J.M.'s allegedly aggressive and threatening behavior in the underlying incident. The court allowed the testimony because Hodgetts was recognized as an expert and he informed the court that he was relying on K.J.M.'s medical records for this specific testimony. On appeal K.J.M. questions the foundation of Hodgetts' testimony, arguing that Hodgetts was relying on hearsay that was not in K.J.M.'s medical records and suggesting that Hodgetts got the information from law enforcement. The District Court did not have an opportunity to rule on this issue because it was not properly preserved at the hearing.

¶7     Generally, this Court will not review an issue when a party has failed to object and preserve it for appeal because the objecting party never gave the trial court an opportunity to address and correct any perceived errors. *State v. Johnson*, 2011 MT 286, ¶ 14, 362 Mont. 473, 265 P.3d 638 (citing *In the Matter of K.M.G.*, 2010 MT 81, ¶ 36, 356 Mont. 91, 229 P.3d 1227). Here, K.J.M. failed to obtain a ruling on the evidentiary objection

3

and thus did not give the District Court an opportunity to address the issue. Therefore, we decline to review this issue because it was not properly preserved for appeal.

**Least Restrictive Commitment Alternative**

¶8 K.J.M. argues that the District Court erred because it failed to address whether MSH was the least restrictive environment for her involuntary commitment. K.J.M. asserts that the District Court's findings of fact on this issue fall short of the statutory requirements under § 53-21-127(8), MCA. The State responds that the District Court's findings are adequate and regardless, given the detail of the record as a whole, the error was harmless.

¶9 The District Court found that MSH is the least restrictive placement for K.J.M. at this time. The court supported this conclusion with Hodgetts' recommendations including a placement in a secure setting. The court also noted that Providence Hospital previously declined her admission due to K.J.M.'s past violence and accordingly determined that MSH was the least restrictive placement. The District Court also determined in its conclusions of law that the MSH was "currently" the least restrictive alternative for K.J.M.'s commitment.

¶10 We review a district court's civil commitment order to determine whether the court's findings of fact are clearly erroneous and its conclusions of law are correct. *In re S.L.*, 2014 MT 317, ¶ 20, 377 Mont. 223, 339 P.3d 73 (citing *In re R.W.K.*, 2013 MT 54, ¶ 14, 369 Mont. 193, 297 P.3d 318). A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if we are left with a definite and firm conviction that a mistake has been

4

made after reviewing the entire record. *In re S.L.*, ¶ 20. We do not find error with the District Court's findings of fact because the court's determination that MSH is the least restrictive placement alternative for K.J.M. is supported by substantial evidence.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER