ORIGINAL

FILED

08/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0457

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 24-0457

STATE OF MONTANA,

Plaintiff and Appellee,

v.

BILLY VAUGHN HOLLIDAY,

Defendant and Appellant.

O R D E R

FILED

AUG 20 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Billy Vaughn Holliday has filed a verified Petition for an Out-of-Time Appeal and includes a copy of the sentencing judgment. Holliday claims that the laws for a persistent felony offender (PFO) have changed since his 2015 conviction. He states that a PFO designation cannot be used for a non-violent offense that he committed then. He claims further that he "was allowed to be convicted with no evidence."

In open court on January 7, 2016, the First Judicial District Court, Lewis and Clark County, sentenced Holliday to the Montana State Prison for a twenty-year term with ten years suspended for his PFO designation and the corresponding felony driving or in actual physical control of a vehicle while under the influence of alcohol and/or drugs (DUI). The court granted approximately seven months' credit for time served and ran the sentence concurrently with another sentence from the same judicial district. The judgment noted that Holliday had five prior DUI convictions within the previous ten years and posed "a serious risk to the public."

This Court's docket shows that Holliday appealed his conviction and sentence in 2016. *State v. Holliday*, No. DA 16-0146. Holliday's appellate counsel filed an opening brief in September 2017, referring to two errors in the conditions of the written judgment. The State filed a Notice of Concession, agreeing that the judgment and sentence should be amended. This Court issued an Order remanding the matter to make the corrections. *State*

*v. Holliday*, No. DA 16-0146, Order, at 1 (Mont. Nov. 14, 2017). Holliday's appeal was closed after we remanded the matter to the District Court for amendment of judgment.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

Holliday had a timely appeal more than eight years ago. "The law in effect at the time of the crime controls as to the possible sentence." *State v. Johnson*, 2011 MT 286, ¶ 13, 362 Mont. 473, 265 P.3d 638. Holliday committed his offense on June 7, 2015, and the 2013 version of the statutes apply. *See* § 46-18-502(3), MCA (2013). The change in the law does not apply to Holliday's sentence here, and his case cannot be reopened. Holliday cannot challenge his same conviction and sentence after his prior appeal.

IT IS THEREFORE ORDERED that Holliday's Petition for an Out-of-Time Appeal is DENIED.

IT IS FURTHER ORDERED that the Clerk is directed to CLOSE this matter as of this Order's date.

The Clerk shall provide a copy of this Order to counsel of record and to Billy Vaughn Holliday personally.

DATED this 20 day of August, 2024.

_____
Chief Justice

_____
_____
_____
_____
Justices

2