No. 03-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 377

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROGER MALLOY,

Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DC 02-0649,
The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew C. Claus, Attorney at Law, Bozeman, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  March 2, 2004

Decided:   December 28, 2004

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Roger Malloy ("Malloy") appeals from a Judgment and Order Suspending Sentence entered on June 5, 2003, in the District Court for the Thirteenth Judicial District, Yellowstone County. Malloy was sentenced to 5 years at Montana State Prison, with 2 years suspended. He appeals several conditions of the suspended portion of his sentence. We affirm in part, reverse in part, and remand for further proceedings. Additional facts are included as necessary.

¶2     The sole issue on appeal is:

¶3     Did the District Court err in imposing certain conditions upon Malloy's suspended sentence?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶4     Malloy is required to register as a sexual offender as a result of a 1992 Sexual Assault conviction. Malloy discharged his Sexual Assault sentence in 1997, and properly registered with the Yellowstone County Sheriff's Office on November 14, 1997, and later registered a change of address. Then on August 20, 2002, the Sheriff's Office received an anonymous call alleging Malloy had moved from his residence. An investigation determined Malloy had moved from his registered address on August 6, 2002, without reporting his new address in violation of § 46-23-505, MCA.

¶5     On September 4, 2002, Malloy was charged with Failure to Register as a Sexual Offender, a felony. On November 27, 2002, he pled guilty pursuant to a plea agreement. On May 23, 2003, Malloy appeared before the District Court for disposition on a probation violation in a different case and also for sentencing in the present case. At the sentencing

hearing, Malloy objected to many, but not all, of the proposed conditions of the suspended portion of his sentence. The District Court included many of the probation conditions to which Malloy had objected. The sentence was reduced to writing and filed in the District Court on June 5, 2003. The written judgment included several conditions of probation not orally imposed at the sentencing hearing. Malloy timely appealed the sentence.

## II. STANDARD OF REVIEW

¶6　This court reviews a district court's imposition of sentence for legality only (whether the sentence is within the parameters provided by statute). *State v. Eaton*, 2004 MT 283, ¶ 11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11.

## III. DISCUSSION

¶7　**Did the District Court err in imposing certain conditions upon Malloy's suspended sentence?**

¶8　Under § 46-18-201(4), MCA, numerous conditions may be imposed on a suspended sentence, including, "reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4)(n), MCA. This Court has held, for a restriction or condition to be "reasonably related to the objectives of rehabilitation and protection of the victim and society," a sentencing limitation or condition must have some correlation or connection to the underlying offense for which the defendant is being sentenced. The "rehabilitation and protection of the victim and society" requirement must be read in the context of the charged offense. Further, to be legitimate, the conditions must be both for the purpose of rehabilitating the offender by imposing restitution or requiring treatment to reduce recidivism, and designed to protect society from further

3

similar conduct. *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11.

¶9 Malloy challenges conditions on his suspended sentence numbered 3, 5, 6 and 33, related to restrictions on the use of drugs and alcohol and a prohibition on gambling, on the grounds they are not reasonably related to his offense. The State concedes that these conditions are not related to the offense Malloy was convicted of and that they should be deleted from the judgment. Therefore, these conditions shall be vacated on remand.

¶10 Malloy further challenges the imposition of conditions 11 and 15, prohibiting Malloy from associating with felons or probationers; conditions 24-28 and 34, prohibiting Malloy from coming into contact with persons under the age of 18; and conditions 29-31 and 35-36, restricting Malloy from having access to or possession of pornographic or other materials that would tend to "arouse deviant thoughts or fantasies," on the grounds they are not reasonably related to the offense of registering as a sex offender.

¶11 As to conditions 11 and 15, at sentencing Malloy led the trial court to believe that he agreed with those conditions. On appeal he changes his theory – that there is no nexus between these conditions and his offense. The rule is well established that a party may not raise new arguments or change his legal theory on appeal. *State v. Heath*, 2004 MT 58, ¶ 39, 320 Mont. 211, ¶ 39, 89 P.3d 947, ¶ 39. Moreover, it is a well-established maxim of law that "acquiescence in error takes away the right of objecting to it." Section 1-3-207, MCA.

¶12 With respect to the remaining conditions, Malloy argues the purpose of the law regarding registration of sexual offenders is to give people in the state notice of where sexual offenders are residing and the conditions imposed go far beyond that requirement. Malloy

4

further argues such conditions are not related to the offense of Failure to Register, which is merely a "status offense." Thus, Malloy argues the conditions are contrary to this Court's holding in *Ommundson*. We disagree.

¶13     In *State v. Mount*, 2003 MT 275, ¶ 99, 317 Mont. 481, ¶ 99, 78 P.3d 829, ¶ 99, this Court concluded the Sexual or Violent Offender Registration Act, § 46-23-501 to 520, MCA, under which Malloy was sentenced, "was adopted to protect the public from the recidivism of sex offenders; to prevent victimization of vulnerable children; and to assist law enforcement in keeping track of the whereabouts of sex offenders."

¶14     Our review of the record shows Malloy has been convicted of two prior sexual offenses in addition to Failure to Register. Additionally, Malloy has failed to complete two different sexual offender programs. In fact, he has never completed sexual offender treatment either while incarcerated or under supervision of probation and parole. Malloy's history demonstrates his inability to conform his conduct to the demands of this State's sexual offender laws. As such, Malloy exhibits behavior which places society in danger because of his recidivism. The probation conditions were included in his suspended sentence so that he must avoid situations which could reasonably be expected to lead to further offenses, given his history as a sexual offender.

¶15     With regard to the conditions prohibiting Malloy's contact with persons under the age of 18, conditions 24-28 and 34, there can be no question they are reasonably related to the purpose of protecting society, including children, from Malloy's predilection toward sex offenses. Likewise, we determine that conditions 29-31 and 35-36, prohibiting Malloy's access to and possession of pornographic materials are reasonably related to the goal of

protecting society from Malloy as a sexual offender.

¶16 The District Court's oral pronouncement of Malloy's sentence governs over the inconsistent terms contained in the written judgment. *State v. Lane,* 1998 MT 76, ¶ 40, 288 Mont. 286, ¶ 40, 957 P.2d 9, ¶ 40; *see also State v. Waters*, 1999 MT 229, 296 Mont. 101, 987 P.2d 1142. This Court has further held, nothing in the 2001 legislative amendments to § 46-18-116, MCA, "supercedes or modifies this Court's holding in *Lane*, which established the oral pronouncement of sentence as the legally effective and valid final judgment . . . . The oral pronouncement of sentence continues to control in situations in which a conflict exists between the oral and written judgments." *State v. Kroll*, 2004 MT 203, ¶ 18, 322 Mont. 294, ¶ 18, 95 P.3d 717, ¶ 18. While it would seem to have been much quicker and easier for Malloy to challenge the written judgment by requesting the District Court for modification under § 46-18-116(2), MCA, this Court has jurisdiction and may review a sentence on a direct and timely appeal. *Kroll*, ¶ 19.

¶17 Nevertheless, in *State v. Johnson*, 2000 MT 290, 302 Mont. 265, 14 P.3d 480, we refined our previous holdings in *Lane* and *Waters*, and established a two-part test for determining whether a written judgment that does not conform to the oral pronouncement of sentence is lawful. That test requires we determine:

> (1) whether the defendant was afforded the opportunity to respond to its inclusion upon sufficient notice at sentencing, and (2) whether that portion of the written judgment substantively increases the defendant's loss of liberty or the defendant's sacrifice of property.

*Kroll*, ¶ 20; *Johnson*, ¶ 24. In *Johnson* and *Kroll*, this Court determined conditions almost identical to conditions 10, 12 and 23 in the present case were "stock" conditions for which

6

there was no evidence in the record that they "substantively increased the defendant's loss of liberty or sacrifice of property imposed under the oral sentence," thus, imposition of such conditions in the written judgment was lawful. *Kroll*, ¶ 22; *Johnson*, ¶ 36.

¶18 Such is not the case here. In its oral pronouncement of judgment, the District Court did not impose conditions 10 and 23, requiring Malloy to maintain full-time employment, because Malloy is on full Social Security disability. Likewise, the District Court did not impose condition 12, requiring Malloy not to have contact with the victims of his current offense, because Failure to Register is a "victimless" crime. Under the present circumstances, we cannot say imposition of these conditions in the written judgment would not substantively increase Malloy's loss of liberty or his sacrifice of property. Accordingly, conditions 10, 12 and 23 must be vacated on remand.

## IV. CONCLUSION

¶19 We remand this matter to the District Court for entry of an amended judgment deleting conditions 3, 5, 6, 10, 12, 23 and 33 of the written judgment entered June 5, 2003. The remainder of said judgment is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE