DA 08-0147

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 43

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

JASON SCOTT SIMPSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2007-0857
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James B. Wheelis, Chief Appellate Defender; Ann-Marie K. Simeon,
Legal Intern; Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General; Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Billings, Montana

Submitted on Briefs:  December 24, 2008

Decided:  February 18, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Jason Scott Simpson ("Simpson") pled guilty to felony common scheme theft by embezzlement. He appeals from his sentence. We affirm in part and reverse in part.

¶2      Simpson appeals from certain conditions of his deferred imposition of sentence: (1) no drugs or alcohol, (2) obtaining a mental health evaluation and (3) no casinos or gambling. He contends that these conditions were imposed as "normal conditions of a probationary sentence" despite the fact that there was nothing connecting these three conditions to this crime or to Simpson.

¶3      The issue on appeal is whether the three conditions had any nexus to the crimes charged or to Simpson.

¶4      The State concedes that there is nothing in the record to support the imposition of a no alcohol/bars condition nor imposition of a mental health evaluation requirement. The State does contend, however, that imposition of the gambling restriction was reasonable given Simpson's history; despite having been convicted of theft in 2000, he embezzled from his employer over a four month period before he was caught.

¶5      Sentencing courts have express statutory authority to impose reasonable restrictions or conditions of suspended or deferred sentences, including "conditions for probation" and "any other reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society[.]" Section 46-18-201(4), MCA. Probation conditions must have some nexus to the offender or the offense. *State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164 (affirming a gambling restriction). Unless a condition is legally mandated, conditions of probation should not

2

be imposed as standard or stock requirements. Rather, sentencing must be individualized. *See Ashby*, ¶ 23.

¶6 We recognize that the District Court did not have the benefit of our decision in *Ashby* at the time of Simpson's sentencing.

¶7 In *State v. Kroll*, 2004 MT 203, ¶ 30, 322 Mont. 294, 95 P.3d 717, the Court affirmed a gambling restriction for a bad check writer who claimed that he was out of work and "the scheme was an easy way to get money." Like Kroll, Simpson stated that he was "short on funds and could not think of a better way to get money." Like Kroll who owed $13,000 in restitution, Simpson owes over $17,000 in restitution. Simpson contends that unlike Ashby, who had a history of not paying his bills and violating the financial accountability statutes regarding vehicle insurance, Simpson was working and paying off his medical bills. We agree with the State that, although financial irresponsibility is not a prerequisite to a gambling restriction, embezzling money from one's employer when "funds are tight" is financially irresponsible and establishes a sufficient nexus to warrant the gambling restriction.

¶8 Remanded to the District Court to strike the conditions restricting Simpson from alcohol use and requiring him to obtain a mental health evaluation. The gambling restriction is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE