DA 13-0157

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 248

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

BRIAN NAUMAN,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Eleventh Judicial District,
       In and For the County of Flathead, Cause No. DC 11-403B
       Honorable Robert B. Allison and Honorable Stewart E. Stadler, Presiding
       Judges

COUNSEL OF RECORD:

   For Appellant:

     Wade Zolynski, Chief Appellate Defender; Lisa Korchinski, Assistant
     Appellate Defender; Helena, Montana

   For Appellee:

     Timothy C. Fox, Montana Attorney General; Brenda K. Elias, Assistant
     Attorney General; Helena, Montana

     Ed Corrigan, Flathead County Attorney; Alison Howard, Deputy County
     Attorney; Kalispell, Montana

          Submitted on Briefs: August 20, 2014
             Decided: September 16, 2014

Filed:

      _____
            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Brian Virgil Nauman (Nauman) appeals from the judgment and sentence of the Montana Eleventh Judicial District Court, Flathead County, committing him to the Montana State Prison for three years, all suspended with conditions of probation.  We affirm in part, reverse the judgment, and remand for proceedings consistent with this Opinion.

## ISSUES

¶2     We review the following issues:

*1.  Did the District Court err by departing from the plea agreement without giving Nauman the opportunity to withdraw his guilty plea?*

*2.  Did the District Court err by imposing conditions 23, 25, 26, and 28-32 on Nauman's sentence?*

*3.  Does the use of the term "pornography" render condition 31 unconstitutionally vague?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In January 2001, Nauman was convicted of sexual assault, a felony, for molesting a 12-year-old girl.  Nauman was sentenced to 20 years in Montana State Prison (MSP), with 10 years suspended upon conditions.  As a result of the conviction, Nauman was required to register as a sexual offender pursuant to § 46-23-504, MCA.

¶4     Upon his release in 2010, Nauman registered with the Kalispell Police Department as a sexual offender.  He reported his address as an apartment building in Kalispell.  In August 2011, Nauman's probation officer was informed that Nauman was no longer residing at that

address. As Nauman failed to notify law enforcement about his changed address, he was charged on December 7, 2011 with Failure to Register as a Sexual or Violent Offender.

¶5 On November 21, 2012, Nauman entered into a plea agreement with the State. In exchange for a plea of guilty by *Alford*[1] from Nauman, the State agreed to recommend that the District Court impose a suspended sentence of three years to the Department of Corrections (DOC). The plea agreement stated that:

> Defendant understands that pursuant to Section 46-12-211(1)(b), MCA, the parties agree that the specific sentence set forth herein is the appropriate disposition of the case. Further, pursuant to 46-12-211(3), MCA, if the Court accepts the plea agreement, the court shall inform the Defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement. If the Court rejects the plea agreement, Defendant understands that pursuant to Section 46-12-211(4) the Court shall, on the record, inform the parties of that fact, advise him that the Court is not bound by the plea agreement, and afford him the opportunity to withdraw the plea.

In the plea agreement, the parties also agreed to waive an updated Pre-sentence Investigation Report (PSI) and any further sex offender evaluation and to instead rely on the PSI prepared in 2001. The State agreed to recommend that the District Court impose the probation conditions recommended by the PSI and also agreed that the Defendant was free to argue against them.

¶6 On November 21, 2012, Nauman objected to eight probation conditions recommended by the PSI prepared in 2001. In particular, he objected to the conditions that became conditions 23, 25, 26, and 28-32 of the District Court's judgment and sentence. As stated in the judgment and sentence, these conditions read:

23. The Defendant will participate in any counseling deemed necessary by his Probation Officer.

.   .   .

25. The Defendant will have no contact with the victim of this crime . . . or her family.

26. The Defendant will have no contact with minors without prior permission from his therapist and Probation Officer.

.   .   .

28. The Defendant will enter in and successfully complete all phases of an MSOTA certified outpatient sex offender counseling program and follow all rules and requirements of said program. He will also complete an Abel Assessment of Deviant Arousal for program purposes.

29. The Defendant shall submit to polygraph examination upon the reasonable request of his supervising officer or therapist for purposes of case management.

30. The Defendant will not involve himself in any type of employment, service, or recreational pursuits, which involves the supervision of children. Under no circumstances should the Defendant be in a position of authority over children.

31. The Defendant will not have possession of any pornography, nor will he frequent adult bookstores, or patronize establishments where nude dancing is promoted.

32. The Defendant will not own a computer or have possession of and/or utilize access to Internet services without prior permission from his supervising officer and therapist.

¶7    Following hearings on November 21, 2012 and December 6, 2012, the District Court sentenced Nauman to MSP – not to the DOC, as agreed – for three years, all suspended, and imposed all eight probation conditions listed above.  Nauman appeals.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970). An *Alford* plea allows a defendant to plead guilty to an offense without acknowledging his guilt. *State v. Peterson*, 2013 MT 329, ¶ 8, 372 Mont. 382, 314 P.3d 227; *see also* § 46-12-212, MCA.

4

**STANDARDS OF REVIEW**

¶8 We review criminal sentences longer than one year for legality only. *State v. Holt*, 2011 MT 42, ¶ 7, 359 Mont. 308, 249 P.3d 470. We review the reasonableness of conditions or restrictions imposed on a sentence for abuse of discretion. *State v. Ashby*, 2008 MT 83, ¶ 8, 342 Mont. 187, 179 P.3d 1164.

**DISCUSSION**

¶9 *1. Did the District Court err by departing from the plea agreement without giving Nauman the opportunity to withdraw his guilty plea?*

¶10 The State concedes and we agree that the parties reached a plea agreement of the type described in § 46-12-211(1)(b), MCA, and that the District Court, when it sentenced Nauman to MSP rather than the DOC, erred by departing from the plea agreement without giving Nauman the opportunity to withdraw his guilty plea.

¶11 Section 46-12-211, MCA, provides for three types of plea agreements. A (1)(b) agreement is formed when the parties agree that "upon the entering of a plea of guilty or nolo contendere to a charged offense . . . the prosecutor will . . . agree that a specific sentence is the appropriate disposition of the case." Section 46-12-211(1)(b), MCA. Here, a (1)(b) agreement was formed when Nauman entered a guilty plea by *Alford*, and the State agreed that commitment to the DOC for three years, all suspended, was the appropriate disposition of the case.

¶12 If the court rejects a (1)(b) plea agreement, § 46-12-211(4), MCA requires "the court . . . [to] afford the defendant an opportunity to withdraw the plea . . . ." *State v. Zunick*, 2014 MT 239, ¶¶ 12, 16-19, ___ Mont. ___, ___ P.3d ___. Here, it seems the District Court

5

judge intended to accept the plea agreement, stating "I have no problem . . . as to the basis for this agreement, which would be that the Court would commit you to Department of Corrections for a term of three years . . . . I would concur with that recommendation." However, the court ultimately rejected the (1)(b) plea agreement by sentencing Nauman to MSP for three years, all suspended. We have previously held that commitment to MSP is a more severe sentence than commitment to the DOC. *State v. Strong*, 2009 MT 65, ¶ 20, 349 Mont. 417, 203 P.3d 848. Thus, the District Court here sentenced Nauman to a more severe sentence than contemplated by the plea agreement and rejected the plea agreement by doing so. It did not, however, give Nauman the opportunity to withdraw his guilty plea, in violation of § 46-12-211(4), MCA.

¶13 For this reason, we reverse and remand with the instruction that the District Court either enter a sentence consistent with the plea agreement or allow Nauman to withdraw his guilty plea.

¶14 *2. Did the District Court err by imposing conditions 23, 25, 26, and 28-32 on Nauman's sentence?*

¶15 Nauman argues that the District Court violated § 46-18-202(1), MCA, by imposing conditions 23, 25, 26, and 28-32 on his sentence. That statute and our case law require sentence conditions to have some nexus to the underlying offense or to the offender. *State v. Melton*, 2012 MT 84, ¶¶ 17-18, 364 Mont. 482, 276 P.3d 900. Nauman claims that there was not enough evidence for the District Court to properly find a nexus in this case. We disagree.

¶16 District courts are afforded broad discretion in criminal sentencing, and our review of sentencing conditions is correspondingly deferential. We will generally affirm a restriction or condition imposed pursuant to § 46-18-202(1), MCA, as long as the restriction or condition has some nexus to the underlying offense or to the offender. *Melton*, ¶ 18.

¶17 A nexus to the offense or offender exists when the restriction or condition is "reasonably related to the objectives of rehabilitation and protection of the victim and society." *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, 974 P.2d 620, *overruled on other grounds by State v. Herman*, 2008 MT 187, ¶ 12 n.1, 343 Mont. 494, 188 P.3d 978; *State v. Malloy*, 2004 MT 377, ¶ 8, 325 Mont. 86, 103 P.3d 1064. A nexus to the offender is only sufficient to support the condition or restriction when a history or pattern of conduct to be restricted is recent, and significant or chronic. *Ashby*, ¶ 15.

¶18 The District Court in this case properly based the conditions on such a history or pattern of conduct. It considered evidence that while on probation from his 2001 sexual assault sentence, Nauman concealed his true residence from his probation officer, had contact with children, kept photographs of underaged girls on his phone, resided with children in violation of his probation conditions, fled from his probation officer, and failed to register as a sexual offender. Additionally, the 2001 PSI, upon which the parties agreed to rely, portrayed Nauman as emotionally immature, inconsistent in his portrayal of certain events, and lacking remorse. Given this evidence, the District Court did not abuse its discretion by imposing conditions reasonably related to rehabilitating Nauman or to protecting society from this conduct.

¶19 Nauman argues, however, that his 2001 conviction should not have been considered in sentencing for the Failure to Register conviction. Yet, given similar evidence in *Melton*, we found that Melton's 1999 rape conviction was relevant to sentencing his 2010 Failure to Register conviction. Although Melton had a "low risk" to reoffend, he had failed to "address[] his underlying issues which led him to engage in the unlawful sexual behavior in 1999." *Melton*, ¶ 21. We, therefore, considered the 1999 rape conviction and held that the condition limiting Melton's contact with minors had an offender nexus. *Melton*, ¶¶ 21-22. Similarly, Nauman's behavior while on probation – keeping photographs of underage girls on his phone and contacting children – indicates that he has a continuing propensity to engage in the kind of behavior that led to his 2001 conviction. For this reason, as in *Melton*, Nauman's 2001 conviction was relevant to sentencing for his Failure to Register conviction.

¶20 Nauman further argues that the crime he pled guilty to, Failure to Register, is not a sexual offense and, consequently, that there is no nexus to the conditions imposed, which include stock conditions imposed on sexual offenders. *See* § 46-18-207(5), MCA; *State v. Brotherton*, 2008 MT 119, ¶ 16, 342 Mont. 511, 182 P.3d 88 (stating that stock conditions "are those which have been legislatively authorized"). We have, however, declined to adopt such a categorical rule, stating that "[e]ach case must turn on its specific facts." *State v. Bullplume*, 2013 MT 169, ¶ 24, 370 Mont. 453, 305 P.3d 753 (citing *Melton*, ¶ 20).

¶21 Furthermore, we have already found this argument to be unpersuasive in more than one instance. *See Melton*, ¶¶ 20, 26. In *Malloy*, the defendant was also charged with Failure to Register. Similarly to the present case, Malloy argued that conditions limiting his contact with minors and his access to pornography were inappropriate because failure to register is

8

not a sexual offense. *Malloy*, ¶¶ 10, 12. We determined, however, that the Sexual or Violent Offender Registration Act was adopted "to protect the public from the recidivism of sex offenders; to prevent victimization of vulnerable children; and to assist law enforcement in keeping track of the whereabouts of sex offenders." *Malloy*, ¶ 13. Accordingly, we upheld the conditions on Malloy's Failure to Register sentence. *Malloy*, ¶ 14. Similarly, conditions 23, 25, 26, and 28-32 in this case were not improperly imposed merely because they were imposed on Nauman's Failure to Register sentence.

¶22 Thus, we hold that the District Court did not abuse its discretion by imposing conditions 23, 25, 26, and 28-32, which were supported by evidence sufficient to demonstrate a nexus between the conditions and Nauman.

¶23 *3. Does the use of the term "pornography" render condition 31 unconstitutionally vague?*

¶24 In his November 21, 2012 sentencing memorandum, Nauman argued that, in addition to lacking a nexus to the offense, condition 31 was unconstitutionally vague and a violation of his right to due process. He cited a case from the United States Court of Appeals for the Third Circuit and one from the Ninth Circuit to support his argument, but otherwise Nauman limited his arguments to conclusory statements. The State's memorandum in response was limited to the nexus issue and did not address Nauman's constitutional vagueness argument. Similarly, the District Court did not address Nauman's constitutional challenge in any hearing or judgment.

¶25 We decline to review the issue here. Especially for those of constitutional importance, we will not review issues that the District Court has not ruled on and that have

not been adequately briefed by the parties. If, on remand, the parties believe this issue needs to be decided, it should be briefed and ruled on by the District Court.

## CONCLUSION

¶26 We hold that the District Court erred by rejecting the plea agreement without allowing Nauman the opportunity to withdraw his guilty plea. We also hold that the District Court did not err by imposing conditions 23, 25, 26, and 28-32 on Nauman's sentence. We decline to address Nauman's argument that the use of the term "pornography" in condition 31 renders the condition unconstitutionally vague.

¶27 We affirm in part, reverse the judgment, and remand to the District Court with the instruction that the District Court either enter a sentence consistent with the plea agreement or allow Nauman to withdraw his guilty plea.

/S/ MICHAEL E WHEAT

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON