FILED

10/25/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0812

DA 14-0812

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 275N

STATE OF MONTANA,

       Plaintiff and Appellee,

   v.

BRIAN VIRGIL NAUMAN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-11-403B
Honorable Robert B Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Nick K. Brooke, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

         Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

         Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  September 7, 2016

Decided:  October 25, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Brian Virgil Nauman (Nauman) appeals from the District Court's denial of his motion to withdraw his November 21, 2012 guilty plea for failing to register as a sex offender.  We affirm.

¶3     In January 2001, Nauman was convicted of felony sexual assault on a minor.  He served ten years in Montana State Prison (MSP) and was released in late 2010.  Pursuant to § 46-23-504, MCA, he registered as a sexual offender with the Kalispell Police Department.  In August 2011, Nauman's probation officer learned he had moved or was maintaining a second residence and failed to notify law enforcement.  On December 7, 2011, the State charged Nauman with failure to register as a sex offender.

¶4     On November 21, 2012, Nauman agreed to enter an *Alford* plea for failing to register as a sexual offender, pursuant to § 46-12-211(1)(b), MCA.  *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).  The plea included an Acknowledgement of Waiver of Rights that Nauman and both of his attorneys signed.

¶5     The plea agreement recommended a three-year suspended sentence to the Department of Corrections (DOC), to run consecutively with the remainder of his felony

sexual assault charge. The District Court sentenced him to MSP rather than DOC. Nauman appealed. In *State v. Nauman*, 2014 MT 248, ¶ 13, 376 Mont. 326, 334 P.3d 368, this Court reversed the sentence and remanded "with instruction that the District Court either enter a sentence consistent with the plea agreement or allow Nauman to withdraw his guilty plea."

¶6 After his appeal, Nauman filed a *pro se* motion to withdraw his guilty plea, which the District Court denied as untimely. Nauman filed a motion to reconsider. On October 23, 2014, the District Court filed a Second Amended Judgment and Sentence in which it sentenced Nauman in accordance with the plea agreement. On November 28, 2014, the District Court filed an Order and Rationale rejecting Nauman's motion to reconsider on the grounds that his *Alford* plea was knowing and voluntary. Nauman appeals the District Court's denial of this motion to withdraw his guilty plea.

¶7 "This Court reviews a denial of a motion to withdraw a guilty plea de novo because whether a plea was entered voluntarily is a mixed question of law and fact." *State v. Valdez-Mendoza*, 2011 MT 214, ¶ 12, 361 Mont. 503, 260 P.3d 151.

¶8 In his motion to withdraw Nauman argued he received ineffective assistance of counsel because he did not understand the statutes applicable to his case and therefore his plea was not knowing or voluntary. Nauman requests this Court not address his ineffective assistance of counsel claim at this time, therefore we will not.

¶9 For the first time on appeal, Nauman argues the District Court's colloquy was not sufficient to establish his *Alford* plea was entered into knowingly and voluntarily, and that the District Court materially breached the agreement when it committed Nauman to

3

MSP rather than DOC. This Court will not entertain new issues that were not raised in the district court when a defendant appeals the denial of a motion to withdraw a prior plea. *State v. Peterson,* 2013 MT 329, ¶ 26, 372 Mont. 382, 314 P.3d 227.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JIM RICE