Chief Justice Mike McGrath delivered the Opinion of the Court.
***384 ¶1 In 2016, Douglas Alan Mehan pleaded guilty to Sexual Intercourse Without Consent, a felony. At sentencing, the Eighth Judicial District Court, Cascade County, imposed numerous conditions, including several restricting Mehan's contact with minors upon his release. Mehan objected to these conditions on the basis that they had no nexus to the underlying offense. The District Court declined to remove the conditions. Mehan appeals. We reverse and remand for correction of the sentence.
¶2 We restate the issue on appeal as follows:
Whether the conditions restricting Mehan's contact with minors have a sufficient nexus to Mehan or the underlying offense.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 On June 12, 2015, Mehan raped an unconscious woman in the parking lot of a bar in Great Falls, Montana. The rape, and Mehan's interaction with the victim inside the bar, were recorded on the bar's surveillance cameras. On June 25, 2015, the State charged Mehan with Sexual Intercourse Without Consent, in violation of § 45-5-503, MCA. Mehan entered into a plea agreement with the State, pursuant to § 46-12-211(1)(b), MCA, and changed his plea to guilty. On January 18, 2017, the District Court accepted the plea agreement, designated Mehan as a Tier I sexual offender, and sentenced to him fifty years in the Montana State Prison with twenty-five years suspended.
¶4 Prior to sentencing, a Presentence Investigation Report (PSI) was prepared, which included sentencing condition recommendations for the District Court. At sentencing, the District Court imposed nearly all ***385 conditions recommended in the PSI, including those challenged on appeal, which restrict Mehan's contact with minors. Mehan objected, arguing the victim was not a minor and thus there was not a sufficient nexus between Mehan or his offense and the conditions protecting minors. The District Court overruled Mehan's objection, reasoning:
[I]t appears to me, from studying the charging affidavit and the reports of the two experts, that Mr. Mehan's view of what a reasonable woman would consent to has been informed and in a large degree distorted by his viewing of pornography. And that, to me, is the necessary nexus to *27 keep him away from that in the future. And so those objections are overruled.
¶5 Mehan appeals.
STANDARD OF REVIEW
¶6 This Court reviews the reasonableness of conditions or restrictions imposed in a sentence for an abuse of discretion, if the conditions are objected to at sentencing. State v. Leyva , 2012 MT 124, ¶ 15, 365 Mont. 204, 280 P.3d 252.
DISCUSSION
¶7 Whether the conditions restricting Mehan's contact with minors have a sufficient nexus to Mehan or the underlying offense.
¶8 When a portion of a defendant's sentence has been suspended, the district court has authority to impose restrictions or conditions on the offender's freedom of association and freedom of movement, in addition to any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society. State v. Bullplume , 2013 MT 169, ¶ 18, 370 Mont. 453, 305 P.3d 753 ; State v. Malloy , 2004 MT 377, ¶ 8, 325 Mont. 86, 103 P.3d 1064 ; § 46-18-202(1)(c), (d), (g), MCA. The district court's discretion is limited, however, and the restrictions "must relate to rehabilitation or protection of society within the particular context of an offender's crime or the unique background, characteristics, or conduct of the offender." State v. Zimmerman , 2010 MT 44, ¶ 17, 355 Mont. 286, 228 P.3d 1109. A condition will meet this standard "so long as the condition has a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself." State v. Ashby , 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164. Offender-related conditions are appropriate where "the history or pattern of conduct to be restricted is recent, and significant or chronic." Ashby , ¶ 15. "[I]t is insufficient that a condition of sentence relate[s] generally to rehabilitation; rather 'there must be a correlation between the crime for which the defendant was convicted and the condition imposed.' " Ashby , ¶ 14 (quoting ***386 State v. Ommundson , 1999 MT 16, ¶ 4, 293 Mont. 133, 974 P.2d 620 ). When the requisite nexus is "absent or exceedingly tenuous," this Court will reverse the condition. State v. Melton , 2012 MT 84, ¶ 18, 364 Mont. 482, 276 P.3d 900 (quoting Zimmerman , ¶ 17 ).
¶9 Mehan argued at sentencing, and reasserts on appeal, that the following conditions fail the nexus test:
23. Defendant shall not have contact with any individual under the age of 18 unless accompanied by an appropriately trained, responsible adult who is aware of the Defendant's sexual conviction and is approved by the Probation & Parole Officer and sex offender treatment provider. The Defendant shall sign a "No Contact" contract and abide by all conditions of the contract.
24. Defendant shall not frequent places where children congregate unless accompanied by an appropriately trained, responsible adult who is aware of the Defendant's sexual conviction and approved by the Probation & Parole Officer and sex offender treatment provider. This includes, but is not limited to, schools, parks, playgrounds, malls, movies, fairs, parades, swimming pools, carnivals, arcades, parties, family functions, holiday festivities, or any other place or function where children are present or reasonably expected to be present. Defendant shall obtain permission from his/her probation/parole officer prior to going to any of the above places.
...
30. The Defendant's chaperone/supervisor must sign a statement of responsibility and be approved by both the Probation & Parole Officer and the treatment provider.
31. The Defendant shall not be involved in any type of employment, service or recreational pursuit that involves the supervision of children. Under no circumstances should the Defendant be in a position of power and authority over children.
...
*28 33. The Defendant's residence, changes and any co-habitants must have prior approval of the Probation & Parole Officer. The Defendant shall not reside in a residence where there are any children under the age of 18 without the written approval of the therapist and the Officer.
...
40. The Defendant shall not date, live with, or otherwise be aligned with any person with children under the age of 18 without the express prior approval of the therapist and Probation & Parole Officer. If this approval is granted, they shall both be involved with the Defendant's treatment to the extent recommended by the ***387 treatment provider.
Mehan urges that because the victim of his crime was not a minor, the above conditions have no reasonable relation to either him or his offense. The State disagrees and argues that minors should be protected from Mehan because they are a class uniquely vulnerable to sexual abuse and, like the unconscious victim in this case, minors are incapable of consenting to sexual acts. We agree with Mehan.
¶10 The State points to several cases upholding similar restrictions despite the fact that the underlying offenses did not involve sexual abuse against minors. Specifically, the State cites to Bullplume , Leyva , and Malloy . In Leyva and Malloy , this Court upheld similar conditions limiting the defendants' contact with minors even though the defendants had no history of sex crimes involving children. Leyva , ¶ 25 ; Malloy , ¶ 15. Yet, Leyva and Malloy are factually distinguishable from the case sub judice. Unlike Mehan, the defendants in both Leyva and Malloy "had prior sexual offenses, had not completed sex offender treatment, and demonstrated an 'inability to conform [their] conduct to the demands of this State's sexual offender laws.' " Malloy , ¶ 14 ; Leyva , ¶ 25. Mehan has no prior sexual offenses, nor has he failed to complete required sex offender treatment. Moreover, the defendant in Leyva was placed at a high-moderate risk to reoffend whereas Mehan was placed in the low-moderate category for recidivism. Leyva , ¶ 24. Bullplume is similarly distinguishable in that the defendant was placed at a moderate risk to reoffend and was characterized as " 'non-conforming, resentful of authority[,] ... erratic and unpredictable,' " which raised " 'questions on how likely the Defendant [would] comply with any Court-ordered probation conditions.' " Bullplume , ¶ 25. A similar characterization is absent from Mehan's psychosexual evaluation. The State further argues that the conditions are reasonable because Mehan, like the defendant in Leyva , continuously minimized the severity of the assault and rationalized his criminal conduct. This argument, while accurate, is insufficient to establish the required nexus alone.
¶11 Two separate psychosexual evaluations were conducted-one by Robert N. Page and the other by Donna M. Zook. Neither evaluation supports the State's contention that Mehan's contact with minors should be restricted. Page recommended a Tier I designation and concluded that Mehan had a "low-moderate need for intense supervision." While Page found that Mehan was more prone to sexual aggression while intoxicated and recommended in-prison sex offender treatment if a prison sentence were imposed, he also advised that community treatment was appropriate if a prison sentence was not imposed. Zook similarly concluded that Mehan does "not exhibit or ***388 experience persistent deviant sexual interest," and he "does not have the characteristics of a dangerous or predatory sexual offender." Based on her findings from the tests and clinical interview, Zook also suggested a Tier I designation and found that "[t]he likelihood of Mr. Mehan committing further acts of violence of this type is lower and falls in line with the general population committing this type of crime." Zook concluded that Mehan "is considered appropriate for community probation" albeit with strict conditions and intensive supervision.
¶12 At sentencing, the State admitted the conditions involving minors were not standard conditions of probation, but insisted they were standard conditions of probation for sex offenders in treatment. Without more, this is not a persuasive reason to uphold the conditions. "Unless a condition is *29 legally mandated, conditions of probation should not be imposed as standard or stock requirements. Rather, sentencing must be individualized." State v. Simpson , 2009 MT 43, ¶ 5, 349 Mont. 275, 203 P.3d 791. Mehan does not have a record of prior sexual offenses involving minors or adults, he has not failed to complete mandated sex offender treatment, and his psychosexual evaluations positioned him at a low-moderate risk to reoffend. Taken together, we find Mehan's circumstances distinguishable from similar cases upholding comparable conditions.
¶13 Mehan also challenges condition number twenty-two of the District Court's written judgment on the basis that it unlawfully imposes additional conditions not included in the oral pronouncement of sentence; the State concedes. It is well established that the oral pronouncement of sentence will control when a conflict arises between the oral and written judgments. Malloy , ¶ 16. Here, condition number twenty-two of the Court's oral pronouncement and condition number twenty-two of the written judgment plainly conflict. Therefore, the oral condition governs.
CONCLUSION
¶14 It was an abuse of discretion to hold there was a sufficient nexus between the conditions prohibiting contact with minors and Mehan or his offense. The District Court is reversed and this case is remanded for the limited purpose of striking the above cited conditions regarding contact with minors. Additionally, because the oral pronouncement and the written judgment conflict, on remand the District Court shall revise the sentence to conform to the oral pronouncement of sentence.
¶15 Reversed and remanded.
We Concur:
LAURIE McKINNON, J.
JAMES JEREMIAH SHEA, J.
INGRID GUSTAFSON, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.