FILED

07/25/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0326

DA 21-0326

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 143

STATE OF MONTANA,

> Plaintiff and Appellee,

v.

TIMOTHY JOHNSON,

> Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 20-229C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> > Chad Wright, Appellate Defender, Carolyn Gibadlo, Assistant
Appellate Defender, Helena, Montana

> For Appellee:

> > Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

> > Audrey Cromwell, Gallatin County Attorney, Bozeman, Montana

> > > Submitted on Briefs:  April 12, 2023

> > > Decided:  July 25, 2023

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Timothy Johnson (Johnson) appeals from a criminal sentence imposed by the Eighteenth Judicial District Court, Gallatin County. We restate the issue raised on appeal and address:

*Whether the District Court abused its discretion when it imposed sentencing conditions limiting Johnson's ability to access the internet or possess certain electronic devices.*

¶2 We reverse and remand to the District Court to amend the conditions consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 The State charged Johnson with two counts of sexual intercourse without consent, a felony, in violation of § 45-5-503, MCA, for engaging in sexual intercourse with a minor under the age of sixteen. Pursuant to a plea agreement, Johnson pled guilty to one count of sexual intercourse without consent, and the State dismissed the other count as well as two other charges from a separate case. The factual basis of Johnson's guilty plea involved communicating with the victim through text messaging and Snapchat—a multimedia application that allows users to send pictures and videos to other users.

¶4 Johnson underwent a presentence investigation (PSI) by the Montana Department of Correction's (DOC) Adult Probation & Parole Bureau (P&P) and a psychosexual evaluation by a licensed, clinical professional. The psychosexual evaluation resulted in a recommendation that Johnson be designated a Level II sexual offender and be supervised at a moderate to high intensity once he is released into the community. The PSI contained

47 recommended probation conditions, including the following conditions regarding technology use:

> 35. The Defendant shall not have access to the internet without prior permission from the [P&P] Officer and sexual offender therapist, nor can the Defendant have on any computer he/she owns any software that is intended for data elimination, encryption or hiding data. If [i]nternet access is allowed, the Defendant must allow [DOC] to install rating control software and conduct random searches of the hard drive for pornography or other inappropriate material.

> 36. The Defendant shall not possess or use any computer or other devices with access to any on-line [sic] computer service including, but not limited to "Cloud" data storage, without prior written approval of the [P&P] Officer. The Defendant shall allow the [P&P] Officer to make unannounced examinations of his/her computer, hardware, and software, which may include the retrieval and copying of all data from his/her computer and computing and data storage devices. The Defendant shall allow the [P&P] Officer to install software to restrict the Defendant's computer access or to monitor the Defendant's computer access. The Defendant shall not possess encryption or stenography software. The Defendant shall not utilize software designed to eliminate traces of internet activity. The Defendant shall provide records of all passwords, internet service, and user identifications (both past and present) to the [P&P] Officer and immediately report changes. The [D]efendant shall sign releases to the [P&P] Officer to access phone, wireless, internet, and utility records.

> .  .  .

> 42. The Defendant shall not have a cell phone, or such other technology/device with photo, video, or [i]nternet capabilities.

The PSI noted that, as an adult, Johnson "does not appear to have a criminal history outside of traffic offenses."

¶5     At the sentencing hearing, the District Court sentenced Johnson to the DOC for a 12-year commitment with six years suspended. Over Johnson's objection, the District

Court imposed Conditions 35, 36, and 42 regarding technology use. Defense counsel's objection at the hearing was as follows:

> We'd object to the requested restriction on access to [i]nternet or electronic devices, would not object to any restriction requiring him to provide his supervising officer with access to his online devices, as well as a prohibition on any kind of software that could obscure that, but there was a Supreme Court case, I think it was *Packingham v North Carolina*, that essentially found that because you can't really engage in education, work, library, and these days it's tough to go a court hearing without access to an [i]nternet.
>
> So it's the Supreme Court in that case found that a blanket restriction prohibiting access to the [i]nternet was just too broad. It needs to be more narrowly restricted, which is why we're not objecting to access to all of his passwords, restriction on any kind of software that would prevent his probation officer from viewing things, such as encryption software, things like that, and I believe that Montana Probation and Parole actually has software that they use regularly for that.
>
> .   .   .
>
> We would object to the PSI suggestion that he be banned from [i]nternet access or from electronic devices, with the caveats and alternatives that we suggested . . . .
>
> .   .   .
>
> I think this was probably assumed in my previous objection, but I think that, given the prior -- the other requirements that he allow the PO to have access, including install software, makes this unnecessary and overly broad, Number 42.

## STANDARDS OF REVIEW

¶6      We review a condition imposed in a criminal sentence for legality—whether the sentence is within statutory parameters. *City of Billings v. Barth*, 2017 MT 56, ¶ 8, 387 Mont. 32, 390 P.3d 951 (internal citations omitted). If we determine the sentence conditions are legal, "[w]e review the reasonableness of conditions or restrictions imposed

4

on the sentence for an abuse of discretion." *State v. Nauman*, 2014 MT 248, ¶ 8, 376 Mont. 326, 334 P.3d 368 (citing *State v. Ashby*, 2008 MT 83, ¶ 8, 342 Mont. 187, 179 P.3d 1164). "An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *State v. Hernandez*, 2009 MT 341, ¶ 7, 353 Mont. 111, 220 P.3d 25 (internal citation omitted).

## DISCUSSION

*Whether the District Court abused its discretion when it imposed the sentencing conditions regarding Johnson's ability to access the internet or possess certain electronic devices.*

¶7 Montana law authorizes "the sentencing judge [to] impose on the offender any reasonable restrictions or conditions during the period of the deferred imposition or suspension of sentence," including any "reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4)(p), MCA. "Overly broad or unduly punitive conditions are not reasonable" restrictions or conditions authorized by § 46-18-201, MCA. *State v. Coleman*, 2018 MT 290, ¶ 6, 393 Mont. 375, 431 P.3d 26 (internal citations omitted). "As a general rule, we will affirm a restriction or condition imposed pursuant to this statutory authority so long as the restriction or condition has some correlation or connection—i.e., nexus—to the underlying offense or the offender himself or herself." *State v. Melton*, 2012 MT 84, ¶ 18, 364 Mont. 482, 276 P.3d 900 (internal citations omitted). "If the restriction or condition at issue is overly broad or unduly punitive, or if the required nexus is absent or exceedingly tenuous, we will reverse." *Melton*, ¶ 18 (internal quotation and citations omitted).

5

¶8 Johnson asserts Conditions 35, 36, and 42 are overly broad.[1] The State responds that a sufficient nexus exists between the challenged technology and internet use restrictions and Johnson's underlying conviction and conduct. The State asserts that Conditions 35, 36, and 42 are reasonable because Johnson's conviction involved text messaging and snapchatting a juvenile female and Johnson is required to register as a Level II sex offender. The State's assertion is well-taken to the extent that these facts are relevant to the nexus between the challenged sentencing conditions and Johnson's underlying conviction. But that is not the end of the analysis. Aside from determining "if the required nexus is absent or exceedingly tenuous," we must also consider "[i]f the restriction or condition at issue is overly broad or unduly punitive." *Melton*, ¶ 18 (internal quotation and citations omitted).

¶9 We conclude the scope of Conditions 35, 36, and 42 go beyond what is reasonably related to Johnson's criminal history, and the offense of which he was convicted. The State is correct that the underlying factual basis upon which Johnson was convicted of sexual intercourse without consent includes text messaging and snapchatting a juvenile female and the dropped charges from the separate case included allegations involving child pornography. This certainly supports conditions that restrict and monitor Johnson's

---

[1] Johnson also raises constitutional challenges to the conditions which the State argues were not preserved. Because this matter may be resolved without reaching Johnson's constitutional arguments, we need not consider their merits or whether they were preserved. "[C]ourts should avoid constitutional issues whenever possible." *350 Mont. v. State*, 2023 MT 87, ¶ 25, 412 Mont. 273, 529 P.3d 847 (citing *Sunburst Sch. Dist. No. 2 v. Texaco, Inc.*, 2007 MT 183, ¶ 62, 338 Mont. 259, 165 P.3d 1079).

internet use and certain electronic devices via monitoring software. It likewise supports conditions that allow for unannounced examinations of Johnson's devices, including retrieval and copying of certain data, and random searches of his hard drive for pornography or other inappropriate material, which Johnson is prohibited from viewing. Finally, as Johnson concedes, conditions prohibiting Johnson from possessing or utilizing software that would allow him to hide his internet activity from P&P are appropriate, as is the requirement that he provide up-to-date records of all passwords, internet service, and user identifications. In light of the manner in which Johnson communicated with the victim, a condition prohibiting him from using applications such as Snapchat would also be reasonable.

¶10    While the aforementioned conditions limiting Johnson's usage of the internet and certain electronic devices are reasonable in scope, given P&P's ability to ensure Johnson's compliance, the broad scope of completely prohibiting Johnson from accessing the internet or possessing certain electronic devices without consent goes beyond what is reasonably related to Johnson's criminal history, and the offense of which he was convicted.

¶11    The State also argues that Conditions 35, 36, and 42 are reasonable because Johnson may still access the internet with prior permission. The State's argument misses the point. Completely prohibiting Johnson from accessing the internet or possessing certain electronic devices, including a smart phone, without prior permission goes beyond what is necessary for Johnson's rehabilitation or the protection of the victim or society, *see*

§ 46-18-201(4)(p), MCA, particularly in light of the monitoring and supervision that is appropriate.

¶12 Although Conditions 35, 36, and 42 are overly broad insofar as Johnson is completely prohibited from accessing the internet and certain electronic devices without prior permission, we recognize that given the nature of his offense, Johnson's usage of the internet and certain electronic devices warrants appropriate monitoring. Aside from Conditions 35, 36, and 42, Johnson does not challenge any of the other sentencing conditions imposed by the District Court. Those conditions include requirements that Johnson complete sex offender treatment, a cognitive and behavioral modification program, and obtain certain education objectives. The conditions also involve extensive supervision, including prohibitions against frequenting places where children congregate without authorized supervision, viewing pornography, or using alcohol and illegal drugs. Johnson is also required to register as a sex offender, which includes additional supervision he will be subject to upon release from prison. Importantly, Johnson is prohibited from not only text messaging juvenile females but also from contacting them, whatsoever, without the involvement of certain appropriately trained, responsible adults approved by P&P and Johnson's sexual offender treatment provider.

¶13 In their current incarnation, the challenged conditions fail to consider the multiple legitimate purposes for internet usage. Notably, Conditions 35, 36, and 42 may impair Johnson's ability to comply with the other terms of his probation. Johnson's sentencing conditions include a requirement that he "must seek and maintain employment or maintain

8

a program approved by the Board of Pardons and Parole or the supervising officer." As Johnson correctly notes, effectively applying for employment in this day and age generally requires internet use to search for open positions, conduct research on those positions, download templates to complete application materials, and submit online applications. As written, Conditions 35, 36, and 42 would frustrate this process. Given the increasingly hybrid and connected nature of work, these restrictions may also impact Johnson's ability to attend meetings and communicate with employers, co-workers, instructors, and classmates, where appropriate.

¶14 "The basic purposes of probation and its corresponding conditions are to provide an offender the chance to rehabilitate outside of the prison setting and to provide the community protection from future criminal activity." *State v. Conley*, 2018 MT 83, ¶ 18, 391 Mont. 164, 415 P.3d 473 (internal citations omitted). As modified, the conditions serve both purposes. In that regard, while we accept Johnson's request that we remand to the District Court with instructions to amend Conditions 35 and 36, we reject Johnson's argument that Condition 42 must be stricken in its entirety. Any cell phone should be subject to the same restrictions consistent with this Opinion.

## CONCLUSION

¶15 We reverse the District Court's imposition of Conditions 35, 36, and 42 on Johnson's sentence and remand with instructions to amend the conditions consistent with this Opinion.

9

/S/ JAMES JEREMIAH SHEA

We Concur:


/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR