FILED

04/07/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0014

DA 24-0014

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 75N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

KENNETH WESLEY ROWE,

Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 21-0039
Honorable Thomas Pardy, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Tyler T. Dugger, Attorney at Law, Billings, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

Scott Twito, Yellowstone County Attorney, Sarah Hyde, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  March 18, 2026

Decided:  April 7, 2026

Filed:

_____
Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kenneth Wesley Rowe appeals his November 2023 Judgment and Sentence in the Thirteenth Judicial District Court, Yellowstone County. The only issue he raises is whether Condition 29 of his sentence, which, as pertinent, says that he shall not possess "any material that describes or depicts human nudity," is unreasonable, overly broad, and has no nexus to him or the offenses of which he was convicted.

¶3 On June 21, 2022, the State charged Rowe by second amended information with eight counts of felony sex offenses and one count each misdemeanor surreptitious visual observation or recordation and criminal production of dangerous drugs. The conduct underlying the charges took place over the course of a year between 2018 and 2019. Law enforcement later discovered over 500 videos and 100 photos of Rowe's girlfriend's minor daughter (Jane Doe), including depictions of her in states of undress, and myriad internet searches on Rowe's computers for topics related to pornography, teen sexual abuse, and the effects of various sedatives including chloroform.

¶4 In December 2022, Rowe entered a plea agreement pursuant to which he agreed to plead guilty to one count each of SIWC (digitally penetrating Jane Doe's vulva while she was under the age of 16 and Rowe was 4 or more years older than her); sexual assault

2

(touching Jane Doe's vagina, breasts, and buttocks while she was sleeping and while she was under the age of 16 and Rowe was 4 or more years older than her); sexual assault (while Jane Doe was sleeping, placing her hand on his penis for the purpose of masturbation while she was under the age of 16 and Rowe was 4 or more years older than her); and sexual abuse of children (possessing visual or print medium, including a medium by use of electronic communication, in which a child is engaged in sexual conduct by possessing videos of Jane Doe, who was under the age of 18, naked in the shower or bathtub or in a state of undress in her bedroom and of possessing videos of two other females, both under the age of 18, in a state of undress in Jane Doe's bedroom). In exchange for Rowe's guilty pleas to those four charges, the State promised to dismiss the remaining charges and make a specific sentencing recommendation. At his change of plea, Rowe admitted to the conduct underlying the offenses to which he entered guilty pleas. Prior to sentencing, Rowe submitted to a presentence investigation (PSI) and psychosexual evaluation.

¶5     The PSI designated Rowe a Level II sexual offender with a moderate risk to reoffend and recommended sentencing Condition 29—prohibiting "any" depiction of human nudity without prior written approval of his Probation and Parole officer and therapist. At sentencing, Rowe objected to Condition 29 as unreasonably overbroad. The District Court disagreed and imposed Condition 29.

¶6     Rowe forwards the same arguments regarding Condition 29 on appeal—that prohibiting his possessing *any* depictions of nudity encompasses nudity appearing in medical records, educational materials, fashion magazine advertisements, and fine art, like Michealangelo's *David* or DaVinci's *Vitruvian Man*. He claims that the sentencing

3

condition has no nexus to him or the offenses for which he was convicted. Rowe argues that the District Court should have narrowed the condition to prohibit possession of only "sexually explicit" images, which, notably, he concedes would be a reasonable restriction.

¶7 First, we disagree that there is no nexus between Condition 29 and the sexual offenses of which Rowe was convicted by guilty plea. We will affirm a legal sentencing restriction or condition so long as it "has some correlation or connection—i.e., nexus—to the underlying offense or the offender himself." *State v. Johnson*, 2023 MT 143, ¶ 7, 413 Mont. 114, 533 P.3d 335 (citing *State v. Melton*, 2012 MT 84, ¶ 18, 364 Mont. 482, 276 P.3d 900); §§ 46-18-201(4), -202(1), -801(1), MCA (legal sentencing conditions). We will reverse only if the restriction or condition is "overly broad or unduly punitive, or if the required nexus is absent or exceedingly tenuous." *Johnson*, ¶ 7. It is evident from the record here that Rowe possessed images of Jane Doe that he obtained by recording her in states of undress and while he committed the charged sexual offenses. Rowe admitted at sentencing that he struggled with sex addiction and inappropriate ideation. His counsel noted Rowe was forthright in his psychosexual evaluation regarding his sexual paraphilia diagnosis. Prohibiting Rowe's access to depictions of nudity without prior State and therapist approval is reasonably related to Rowe and to the sexual offenses he committed, which included his keeping hundreds of depictions of nudity, some of which included him masturbating next to Jane Doe in deep sleep in various states of undress.

¶8 Second, Condition 29 does not categorically prohibit Rowe from possessing images of the naked David or Vitruvian Man. Instead, Condition 29 provides an exception to its prohibition against possessing depictions of human nudity if pre-approved in writing by

4

Rowe's probation officer and treatment provider. That tailored exception prevents the sentencing restriction from being unreasonably overbroad or unduly prohibiting otherwise lawful conduct. Pre-screening what images Rowe may possess is also identical in effect to what Rowe concedes would be a reasonable sentencing condition—prohibiting his having "sexually explicit" depictions of human nudity. Given the nature of Rowe's offenses, and to further the rehabilitative goals underlying Montana's criminal sentencing policy, it is reasonable to subject Rowe's possession of visual materials and depictions of human nudity to pre-approval by his probation supervisor and treatment provider. Condition 29 bears the requisite nexus to Rowe and his offenses and is not overly broad or unduly punitive.

¶9 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ JIM RICE
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA

5